OPINION OF THE COURT
Joan S. Kohout, J.
Actions have been brought by the Monroe County Department of Social Services seeking to terminate the parental rights of Christopher A. and Claritha P. regarding their children Brandon, Jermaine, Alexis and Steven based upon allegations that the respondents violated a suspended judgment order made on a previously filed permanent neglect case. (Social Services Law § 384-b [7]; Family Ct Act § 631 [b]; § 633; 22 NYCRR 205.50.)
Petitioner has moved the court for an order requiring the production of substance abuse treatment records for the respondents from Anthony Jordan Health Center and HutherDoyle. The attorney’s affirmation attached to the motion alleges that "[t]he Monroe County Department of Social Services staff has reason to believe that the Respondents claritha p. and Christopher A. have received or been offered substance abuse treatment through the agencies named above.” Counsel further asserts that the respondents have *738 waived, confidentiality to the records in a prior court proceeding.
Respondents object to the disclosure of any records or information, arguing that the records are privileged and confidential. Anthony Jordan Health Center has also appeared and opposed disclosure, taking the position that Federal law prohibits disclosure without a court order based upon a finding that good cause and the furtherance of justice outweighs the need for confidentiality. (42 USC § 290dd-2.) No response to the motion has been received from Huther-Doyle.
LEGAL BACKGROUND
In February 1994 petitions were filed by the Monroe County Department of Social Services alleging that the respondents had permanently neglected four of their children, who were in foster care. Petitioner requested that parental rights be terminated because the parents had failed to properly plan for and visit with the children for a period in excess of one year. (See, Social Services Law § 384-b [7].) On August 11, 1994 both respondents made admissions to the petition and the court adjudicated the four children to be permanently neglected as defined by Social Services Law § 384-b (7), and suspended judgment for six months as permitted by Family Court Act §§ 631 and 633.
The suspended judgment orders required the parents to visit the children, enter a "parent/preventive counseling program”, obtain a substance abuse evaluation and follow recommendations, and participate in the children’s counseling. Additionally, Social Services was to be permitted access to information from "court ordered services, limited to evaluation, attendance, progress and recommendations.” The provision for limited access to information was presumably to permit the Social Services agency to monitor compliance with the order.
ISSUE PRESENTED
The court must determine whether the patient-physician privilege and related health provider privileges (CPLR 4504 et seq.), as well as the confidentiality applicable to substance abuse treatment records contained in 42 USC § 290dd-2, preclude the disclosure of the requested records for the purpose of prosecuting this termination of parental rights case.
*739 LEGAL DISCUSSION
The New York statutory provisions to terminate parental rights of parents whose children are in foster care are contained in Social Services Law § 384-b. There are four grounds for severance of parental rights: abandonment, mental illness/ developmental disability, permanent neglect and repeated or severe abuse. Each cause of action is separately defined with distinct procedural safeguards.
The respondents were initially alleged to have permanently neglected their children. The suspended judgment granted in the case is a disposition specifically available only in permanent neglect cases. (Family Ct Act §§ 631, 633.)
A review of the statutory provisions relating to permanent neglect reveals no waiver of the patient-physician or related privileges contained in CPLR 4504 et seq. The Legislature, however, clearly considered the privilege issue in drafting the statute since Social Services Law § 384-b (3) (h) abolishes most statutory privileges in termination of parental rights cases involving mentally ill and developmentally disabled parents. The statute has been amended on many occasions since its passage in 1976, and the Legislature could have abolished or limited the privileges in permanent neglect cases had it wished to do so.
The parent-child relationship is constitutional in nature and a high degree of due process must be afforded to respondent parents in these cases where the government wishes to sever the relationship. (Santosky v Kramer, 455 US 745 [1982].) It is, therefore, appropriate to strictly construe the applicable statutes, especially to the extent that they afford protection to the respondent.
It is well established that the disclosure of privileged and confidential mental health records may be permitted in child custody cases upon a nonconclusory evidentiary showing of relevancy and need (see, Perry v Fiumano, 61 AD2d 512 [4th Dept 1978]). Petitioner suggests that this standard should apply here. The interests and legal issues, however, are distinguishable. The question in this case is not solely the children’s best interest, as in a custody case, but whether the parents willfully failed to comply with the suspended judgment order and should lose their parental rights. (22 NYCRR 205.50 [d].) The remedy is final and harsh, and permits the child to be adopted without the parent’s consent. Unlike an order of *740 custody, there is no authority for court-ordered visitation for a natural parent after parental rights are terminated.[1]
Also distinguishable from this parental rights case are the cases where Family Courts have admitted confidential medical and drug treatment records in child neglect cases brought under Family Court Act article 10. (See, e.g., Matter of "John” Children, 61 Misc 2d 347; Matter of Doe Children, 93 Misc 2d 479; but cf., Matter of W. H., 158 Misc 2d 788.) The purpose of neglect actions is to protect maltreated children, while offering rehabilitative services to the family. (See, Family Ct Act §§ 1011, 1015-a.) In furtherance of those goals, the Legislature has statutorily eliminated the patient-physician and related privileges. (Family Ct Act § 1046 [a] [vii].)
Petitioner also argues that the confidentiality afforded substance abuse records under 42 USC § 290dd-2 and the regulations contained in subpart B, 42 CFR part 2 do not bar the release of the requested records.
42 USC § 290dd-2 provides that records of substance abuse treatment may be disclosed only upon the written consent of the patient, to medical or research personnel, or upon court order for good cause shown. The statute states that: "[i]n assessing good cause the court shall weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services.” (42 USC § 290dd-2 [b] [2] [C].)
Additionally, the court must limit the extent of release of information to only that portion of the record which is necessary. (42 USC § 290dd-2 [b] [2] [C]; see also, 42 CFR 2.1 [b] [2] [CO; 2.13 [a].)
An order may be made only if the court determines that the information requested is not available from another source and that the public interest outweighs the potential injury to the patient and the patient-physician relationship and the facility. (42 CFR 2.64 [d].)
DECISION
Physician-patient privilege under CPLR 4504 applies to *741 permanent neglect cases, as do the other statutory privileges. It only applies, however, when the doctor or medical provider-patient relationship exists, the information is acquired while the patient is being treated and is necessary for treatment. (Richardson, Evidence § 430 [Prince 10th ed].) Additionally, there must be an expectation of confidentiality. (See, People v Decina, 2 NY2d 133.)
The court finds that petitioner is correct that respondents agreed to a limited waiver of the patient-physician and related privileges under CPLR 4504 et seq. Consequently, there was no intention that the substance abuse records be privileged due to the parents’ agreement in prior court orders that Social Services have access to certain treatment information (see, People v Decina, 2 NY2d 133, supra; State of New York v General Elec. Co., 201 AD2d 802). As a result, the statutory privileges do not preclude disclosure of the records.
The parents’ consent has now been revoked and is thus unenforceable under the Federal regulations. (See, 42 CFR 2.31 [a] [8].) The Court of Appeals has noted that " 'the strictest adherence’ ” should be afforded to the confidentiality requirements for substance abuse treatment facility records. (Matter of Commissioner of Social Servs. of City of N. Y. v David R. S., 55 NY2d 588, 593.) The statutory objectives include encouraging substance abuse prevention and rehabilitation, and care must be taken to avoid discouraging or "chilling” the willingness of individuals in need of help from seeking treatment services. (Matter of Commissioner of Social Servs. of City of N. Y. v David R. S., supra, at 593.)
Petitioner has failed to satisfy the requirements for disclosure under 42 USC § 290dd-2 and related regulations in that neither necessity nor good cause sufficient to override the interests of respondents and treatment agencies to confidentiality has been shown. Significantly, the petitioner has failed to demonstrate that the information regarding alleged failures by the respondents to cooperate with treatment is unavailable through nonconfidential sources. Oftentimes respondents admit their failings to Social Services caseworkers or others, who are available to testify at trial.
The public interest in providing permanent homes for children as enunciated in the termination of parental rights statute Social Services Law § 384-b (1) (a) does not provide a sufficient basis to override the strong policy goals in the Federal statute. This is not a child abuse or neglect case *742 where the issue is the children’s safety.[2] The issue is whether the constitutionally protected relationship between the parent and child should be terminated.
Under all the circumstances presented here the court finds that confidentially under the Federal statute and regulations should be retained and that the motion must be denied.

. Termination of parental rights after trial severs all rights to parent-child contact. A parent, however, can execute a conditional surrender of parental rights, if agreed to by all parties, which would permit ongoing contact. (Social Services Law § 383-c.)

. The Federal regulations provide a specific exception which allows treatment providers to make reports of suspected child abuse or neglect. (42 CFR 2.12 [c] [6]; 2.22 [b] [1].)