■ In the Matter of MICHAEL W. MINNIE W., Appellant; ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [660 NYS2d 102] —Order unanimously reversed on the law without costs and matter remitted to Erie County Family Court for further proceedings in accordance with the following Memoran-

dum: Family Court abused its discretion in entering an order upon default terminating respondent's parental rights after soliciting and authorizing a motion for withdrawal of counsel without notice to respondent. Consequently, the order must be reversed and the matter remitted to Family Court for reassignment of counsel and a new fact-finding hearing (*see, Matter of Tierra C.,* 234 AD2d 1003; *see also, Matter of Dominique L. B.,* 231 AD2d 948; *see also, Matter of Tierra C.,* 227 AD2d 994). Because there must be a new fact-finding hearing, we address the argument of respondent that the court erred in admitting into evidence her entire case file from Horizons·Village, Inc., a drug rehabilitation facility. Although portions of the case file were properly admitted to prove respondent's failure to attend and complete drug rehabilitation, respondent's entire case file, which contained much irrelevant and prejudicial material, should not have been admitted (*see, Matter of Brandon A.,* 165 Misc 2d 736, 740). In light of our conclusion that a new fact-finding hearing is necessary, we do not address respondent's remaining arguments. (Appeal from Order of Erie County Family Court, Rosa, J.—Terminate Parental Rights.) Present— Green, J. P., Lawton, Doerr, Balio and Fallon, JJ.