■ New York State Higher Education Services Corporation, Respondent, v Henry Kaplan, Appellant. [684 NYS2d 356] —Carpinello, J. Appeals (1) from an order of the Supreme Court (Keegan, J.), entered November 25, 1997 in Albany County, which, *inter alia*, granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

Plaintiff is a State agency that guarantees the repayment of educational loans made by financial institutions to defray the cost of higher education. In 1988 and 1989, defendant signed three promissory notes guaranteed by plaintiff. Each of the notes memorialized a $4,000 loan borrowed from the Teachers Federal Credit Union for the purpose of financing the college tuition of defendant's two daughters. Defendant ultimately defaulted on the loans after which plaintiff, in March 1994, honored its guarantees and paid the lender the principal and interest that had accrued totaling $14,008.81. Defendant and his spouse thereafter filed a joint petition in bankruptcy and were subsequently issued an order of discharge by the United States Bankruptcy Court for the Eastern District of New York.

In September 1996, plaintiff commenced this action against defendant for repayment of the outstanding balance on the loans. Plaintiff's subsequent motion for summary judgment

was granted by Supreme Court and a judgment was entered against defendant.

Defendant contends that he is no longer liable for these debts due to his discharge in bankruptcy under 11 USC § 523 (a) (8). We disagree. The issue of whether a debt has been discharged in bankruptcy is determined exclusively by reference to the Federal Bankruptcy Code (11 USC; *see, Grogan v Garner*, 498 US 279, 284). Pursuant to 11 USC § 523 (a) (8) (A) and (B), a discharge in bankruptcy will not excuse an individual debtor from liability for the repayment of an educational loan made or guaranteed by a governmental unit, unless the loan "first became due more than 7 years * * * before the date of the filing of the petition" or unless repayment of the loan "will impose an undue hardship on the debtor and the debtor's dependents". Defendant has never represented that either of these situations exists in this matter.

Moreover, we reject defendant's contention that 11 USC § 523 (a) (8) does not apply to the subject debt because he applied the loans to his daughters' educations rather than his own. The statutory language does not make a distinction based upon a borrower's status, i.e., whether a borrower is the direct beneficiary of the educational loan (*see, In Re Pelkowski.*, 990 F2d 737, 741). Accordingly, defendant's liability on the notes survived the United States Bankruptcy Court's order of discharge (*see, id.*).

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order and judgment are affirmed, with costs.