■ In the Matter of MEKO M., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HELEN G., Appellant. [708 NYS2d 787] —Order unanimously reversed on the law without costs and matter remitted to Erie County Family Court for further proceedings in accordance with the following Memorandum: Respondent was denied the right to assistance

of counsel at the hearing on the petition to revoke the suspended judgment and thereby terminate her parental rights, and thus Family Court erred in granting the petition. A parent facing removal of a child from his or her home has a fundamental right to an attorney (*see, Matter of Ella B.*, 30 NY2d 352, 356-357; *see also,* Family Ct Act §§ 261, 262 [a]). Although that right may be waived by a knowing, willing and voluntary waiver (*see, Matter of Child Welfare Admin. [John R.] v Jennifer A.*, 218 AD2d 694, 697, *lv denied* 87 NY2d 804; *see also, Matter of F. Children*, 199 AD2d 81), there was no such waiver here. On the day of the hearing on the petition, respondent's attorney moved to withdraw as counsel. The record is devoid of any evidence of earlier notice of that motion. The court informed respondent that there would be no adjournment for substitution of counsel and, therefore, if counsel were relieved, respondent would "end up essentially representing herself." After a discussion with respondent concerning the attorney's alleged lack of communication, the court granted the motion. Under the circumstances of this case, the statement of respondent that she would like to represent herself did not constitute a valid waiver of the right to an attorney (*cf., Matter of Child Welfare Admin. [John R.] v Jennifer A., supra,* at 696-697). Furthermore, an attorney may be permitted to withdraw "only upon a showing of good and sufficient cause and upon reasonable notice to the client [citations omitted]. A purported withdrawal without proof that reasonable notice was given is ineffective" (*Matter of Williams v Lewis,* 258 AD2d 974). "Although the record fully supports a finding that respondent's parental rights should have been terminated, such a finding may not stand [where, as here,] respondent was denied due process" (*Matter of Dominique L. B.,* 231 AD2d 948). We therefore reverse the order and remit the matter to Erie County Family Court for assignment of new counsel and for a new hearing on the petition. (Appeal from Order of Erie County Family Court, Dillon, J.—Terminate Parental Rights.) Present—Pine, J. P., Hayes, Scudder and Kehoe, JJ.