Matter of Doe Children (2005 NY Slip Op 25293)

Matter of Doe Children

2005 NY Slip Op 25293 [9 Misc 3d 340]

July 18, 2005

Hanuszczak, J.

Family Court, Onondaga County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Friday, November 04, 2005

[*1]
In the Matter of Doe Children.
Family Court, Onondaga County, July 18, 2005

APPEARANCES OF COUNSEL

Anthony Rivizzigno, County Attorney, Syracuse (Joseph Zavaglia of counsel), for petitioner. Hiscock Legal Aid Society (Melissa Latino of counsel), for respondent. Frank B. Scibilia, Law Guardian. Mary J. Fahey, Syracuse, for Syracuse Behavioral Healthcare.

OPINION OF THE COURT

Michael L. Hanuszczak, J.
By orders to show cause, dated June 10, 2005, the County Attorney moved for an order demonstrating that good cause has been shown for the disclosure of data pertaining to the alleged substance abuse treatment of the respondent in the above-titled proceeding to terminate the parental rights of the respondent based upon permanent neglect of the children.
An order to show cause and motion papers were served on the following facilities: Addictions Recovery Program at Clifton Springs Hospital and Clinic, Syracuse Community Health Center, St. Joseph's Mental Health Services, Crouse Chemical Dependency, and Syracuse Behavioral Healthcare, as well as upon the attorney for the respondent and the Law Guardian.
The matter was heard at oral argument before the court on July 7, 2005. The attorney for Syracuse Behavioral Healthcare opposed the motion, stating that it is the position of the treatment facility that the following information, which it is willing to turn over to the court, is sufficient for the purposes of this proceeding: patient evaluation, if available; dates of treatment and evidence of failure to attend; evidence of relapse; and a discharge summary. The attorney cited Matter of Brandon A. (165 Misc 2d 736 [Fam Ct, Monroe County 1995]). The Law Guardian supported this position. The attorney for the respondent stated support for the disclosure of current treatment attendance records.
The County Attorney argued that it is up to the court to conduct an in camera review of the entire treatment file to identify and to remove any information which is not necessary and relevant to the permanent neglect proceeding rather than having the treatment facility perform this function.
It would appear that all of the attorneys agree that certain treatment information is [*2]relevant to this proceeding. They differ in what information is relevant and who should make that determination.
This court must decide whether good cause exists for the disclosure of information in connection with the respondent's substance abuse treatment. In its review of the law, the court considered the requirements of 42 USC chapter 1 et seq., 42 CFR chapter 1, part 2, Mental Hygiene Law § 22.05, and applicable case law.
In assessing whether there is good cause for the disclosure of substance abuse treatment records, the court must weigh the public interest and the need for disclosure against the injury to the patient, to the patient-physician relationship, and to the treatment services. (42 CFR 2.1.) In the case of a noncriminal proceeding, the criteria for disclosure of such records are found in 42 CFR 2.64.
Matter of Brandon A. has been cited for the holding that there is no entitlement to disclosure of substance abuse treatment records in an action to terminate parental rights absent a showing that the information is unavailable through nonconfidential sources. The decision also states that the public interest in providing permanent homes for children "does not provide a sufficient basis to override the strong policy goals in the Federal statute" prohibiting the disclosure of such information. (Matter of Brandon A. at 741.)
However, this Family Court decision must be read in connection with appellate case law in which it was held to be proper to admit portions of the treatment file in a termination of parental rights proceeding to prove the respondent's failure to attend and complete substance abuse treatment. (Matter of Michael W., 239 AD2d 865 [4th Dept 1997]; Matter of Lameek L., 226 AD2d 464 [2d Dept 1996].)
Since the decision in 1995 in Brandon A., there has been much legislative action on the federal and state levels in connection with the goal of achieving permanency for children. For example, legislation recently signed into law by the Governor emphasizes the importance of achieving and expediting permanency for children who are placed outside of their homes. This strong public policy for achieving permanency for children underscores the necessity for the court to have before it all relevant information so that it can decide whether the children have been permanently neglected by a parent.
In the instant proceeding, the public interest and need for disclosure of the treatment records outweigh the interests of the patient and the treatment facility in view of an allegation that the respondent permanently neglected the children by failing to attend, participate, and progress in court-ordered substance abuse treatment. The respondent's substance abuse records are relevant and necessary as evidence at trial. The court will perform the in camera review of the treatment file to identify and remove unnecessary and nonrelevant information.
[*3]
Additionally, the patient records of the various facilities which are sought by the County Attorney are the best evidence of whether the respondent has been successful in substance abuse rehabilitation.
The court finds that there is good cause for an order granting the disclosure of information pertaining to the respondent's substance abuse treatment, and the County Attorney's motion is granted.