In the Matter of CINDA L. PFRANG, Respondent, v PAMELA CHARLAND, Appellant, et al., Respondent. [840 NYS2d 444]—

Mugglin, J. Appeal from an order of the Family Court of Madison County (McDermott, J.), entered September 13, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for visitation with respondents' children.

Petitioner, the maternal grandmother, instituted this visitation proceeding seeking access to respondents' four children. On her initial appearance, respondent Pamela Charland (hereinafter respondent) appeared without counsel and was advised by Family Court that she was "entitled to an adjournment if you would like to get an attorney." At no time was she advised that she had a statutory right to be represented by an attorney of

her choice and, if she was financially unable to obtain an attorney, that she had the right to be assigned an attorney (*see* Family Ct Act § 262 [a]).

Despite respondent reporting to Family Court at the next appearance that she had retained counsel, her counsel did not appear nor file a notice of appearance. Moreover, when respondent appeared for the scheduled fact-finding hearing without counsel, the court noted for the record: "Last week, specifically on August 17, which was Thursday, [respondent's attorney] sent me a letter saying he wanted to withdraw as attorney for [respondent]. And simultaneously with that, I received a written application by [respondent] for assigned counsel. I wrote back to [respondent's attorney]. I sent this back to him by FAX the following day on Friday indicating that given that this fact finding hearing had been scheduled back on July 10th and was scheduled for today that this request was made way too late for that, and I denied the request and directed that the matter was to proceed. By the sheerest of coincidences, [respondent's attorney] called today indicat[ing] he is too ill to proceed. And claims to have a doctor's appointment."

Despite receiving an application from respondent for the assignment of counsel and her statement that she had "no more money to afford" her attorney, Family Court proceeded with the hearing, requiring respondent to represent herself. Family Court awarded visitation to petitioner and respondent appeals, contending both that visitation is not in the best interests of the children and that she was denied the effective assistance of counsel.

Where counsel has appeared and the claim is that counsel's performance was ineffective, the claimant must demonstrate actual prejudice flowing from the deficiencies in representation (*see Matter of Mitchell v Childs*, 26 AD3d 685, 687 [2006]). Where, however, the dictates of Family Ct Act § 262 have not been followed, no prejudice analysis is necessary. Here, reversal is mandated because a fundamental right has been denied respondent (*see Matter of Wilson v Bennett*, 282 AD2d 933, 934-935 [2001]; *see also Matter of Bernard UU. v Kelly VV.*, 28 AD3d 880, 881 [2006]).

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Madison County for further proceedings not inconsistent with this Court's decision.