In the Matter of WENDY HOHENFORST, Formerly Known as WENDY DeMAGISTRIS, Respondent, v THOMAS DeMAGISTRIS, Appellant. (And Two Other Related Proceedings.) [844 NYS2d 450]—

Peters, J. Appeal from an order of the Family Court of Fulton County (Jung, J.), entered September 28, 2005, which, in three proceedings pursuant to Family Ct Act articles 6 and 8, denied respondent's motion to vacate a default judgment entered against him.

Petitioner and respondent are the parents of two children (born in 1989 and 1992). Prior to their divorce in June 2004, petitioner was granted temporary legal and physical custody of the children and a temporary order of protection was issued against respondent. In September 2004, petitioner sought sole legal and physical custody of the children by alleging, among other things, that respondent violated the temporary order of protection. Shortly thereafter, petitioner filed a separate violation petition, later amended to allege, among other things, that respondent made threats towards her and her family in violation of the temporary order of protection. For that reason, she further sought a permanent order of protection. Respondent filed two family offense petitions.

Only hours before a March 3, 2005 proceeding concerning all of these petitions, respondent allegedly verbally threatened petitioner's counsel in the hallway of Family Court. Upon overhearing such threats, a court officer arrested respondent

and placed him in a holding center down the hall. At the hearing before Family Court, respondent's counsel, petitioner and her counsel, as well as the Law Guardian, appeared. After Family Court reviewed the circumstances underlying respondent's arrest that morning, his counsel moved to withdraw his representation without indicating to the court that he had informed respondent of his intent to do so. With no objection by either petitioner's counsel or the Law Guardian, Family Court granted such motion. Petitioner's counsel also moved to be relieved. After ensuring that petitioner did not object to her counsel's withdrawal and that she wanted to go forward with the proceeding, Family Court granted that motion.

The Law Guardian successfully moved to dismiss the petitions filed by respondent, with prejudice, for a failure to prosecute. As to the remaining petitions, a brief inquest was held wherein the Law Guardian merely confirmed with petitioner that "all [of] the allegations contained in [the] petition [were] true." The Law Guardian thereafter referenced a previously stipulated forensic evaluation of the parties to support her recommendation that petitioner be granted sole legal and physical custody, with no visitation to respondent. With respect to the violation petitions, the Law Guardian requested a "stay away" order of protection for three years and that respondent be found in willful violation, warranting a sentence of 180 days for each violation. A warrant and order of commitment was then issued by Family Court. A subsequent custody order, prepared by the Law Guardian, found respondent in default, mirroring the custody position as well as the resolution of the violation petitions made by the Law Guardian.[1]

In September 2005, respondent filed a motion, upon his attorney's affirmation, seeking to vacate the default judgment and the recusal of Judge Jung from all further proceedings. By decision and order entered September 28, 2005, Family Court denied the recusal motion as well as respondent's motion to vacate upon a finding that the proffer failed to set forth a meritorious defense to the petitions.[2] Respondent appeals and we reverse.

---

1. Although not part of the record on appeal, respondent commenced a proceeding for a writ of habeas corpus in August 2005, challenging the legality of the warrant and orders of commitment issued by Family Court. Supreme Court (Sise, J.) granted the petition, immediately released respondent and, according to respondent, ordered him to file a motion to vacate the default judgment entered by Family Court.

2. Nearly a year after his filing of his notice of appeal, respondent moved, pursuant to CPLR 2221 (e), to renew his motion to vacate the default judgment and requested that Judge Jung recuse himself. That motion was denied.

"A party seeking to vacate a default judgment must establish both a reasonable excuse for the default and a meritorious defense to the underlying claim" (*Trim v Trim*, 21 AD3d 1203, 1204 [2005] [citations omitted]; *see Matter of Taylor v Staples*, 33 AD3d 1089, 1090 [2006], *lv dismissed and denied* 8 NY3d 830 [2007]), but such a showing is not necessary where, as here, there was never a genuine default and there was a denial of a party's fundamental right to due process (*see Matter of Cleveland W.*, 256 AD2d 1151, 1152 [1998]; *Matter of James R.*, 238 AD2d 962, 962-963 [1997]).

An attorney of record may withdraw as counsel only upon notice to his or her client (*see* CPLR 321 [b] [2]; *Matter of Dunn [Brackett]*, 205 NY 398, 403 [1912]; *Birky v Katsilogiannis*, 37 AD3d 631, 632 [2007]; *Matter of Kindra B.*, 296 AD2d 456, 458 [2002]; *Matter of Williams v Lewis*, 258 AD2d 974, 974 [1999]). Here, there is no indication that respondent's counsel ever informed him, prior or during his incarceration in Family Court, that he was seeking to withdraw as counsel. "A purported withdrawal without proof that reasonable notice was given is ineffective" (*Matter of Williams v Lewis*, 258 AD2d at 974 [citations omitted]; *see Matter of Meko M.*, 272 AD2d 953, 954 [2000]) and a default judgment entered thereon has been deemed improper (*see Matter of Williams v Lewis*, 258 AD2d at 974; *compare Matter of Hermann v Chakurmanian*, 243 AD2d 1003, 1004 [1997]). The absence of evidence that respondent was put on notice of his counsel's intent to withdraw his representation in accordance with the mandates of CPLR 321 (b) (2) rendered Family Court's determination that respondent was in "default" improper. When Family Court then conducted an inquest, ultimately awarding custody to petitioner and an order of contempt against respondent, respondent was further denied his statutory right to counsel (*see* Family Ct Act § 262 [a]). While we recognize that a party may waive such a right by a knowing, willing and voluntary waiver (*see Matter of Hassig v Hassig*, 34 AD3d 1089, 1091 [2006]; *Matter of Bauer v Bost*, 298 AD2d 648, 650 [2002]), no waiver occurred here. "[E]ven an incarcerated parent has a right to be heard on matters concerning [his] child, where there is neither a willful refusal to appear nor a waiver of appearance" (*Matter of Tristram K.*, 25 AD3d 222, 226 [2005]; *see Matter of Kendra M.*, 175 AD2d 657, 658 [1991]). Family Court was required to advise respondent of his statutory right to counsel before proceeding to the merits of these petitions (*see Matter of Hassig v Hassig*, 34 AD3d at 1091; *Matter of Frierson v Goldston*, 9 AD3d 612, 614 [2004]); its failure to do so constituted a fundamental depravation of his rights to due process (*see Matter of Williams v Bentley*, 26 AD3d 441,

442 [2006]; *Matter of Wilson v Bennett*, 282 AD2d 933, 934 [2001]). The order must therefore be reversed and the matter remitted for a new hearing on all petitions before a different judge (*see Matter of Williams v Williams*, 35 AD3d 1098, 1100 [2006]). In the interim, temporary physical and legal custody of the children will remain with petitioner.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, default judgment vacated and matter remitted to the Family Court of Fulton County for further proceedings not inconsistent with this Court's decision.