█ In the Matter of HANNAH YY. and Others, Children Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LORI A., Appellant, et al., Respondent. (And Another Related Proceeding.) [854 NYS2d 797]—

Spain, J. Appeals (1) from an order of the Family Court of Columbia County (Nichols, J.), entered March 12, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected, and (2) from an order of said court, entered March 12, 2007, which, in a proceeding pursuant to Family Ct Act article 10-A, continued the foster care placement of Hannah YY.

Respondent Lori A. (hereinafter respondent) is the mother of Timothy ZZ. (born 1988), Roy A. (born 1999) and Hannah YY. (born 2006). Respondent Thomas YY. is Hannah's father. During the pertinent time period, respondents resided together, along with Timothy, Timothy's son, Damian ZZ. (born 2006), and Damian's mother. Roy resides with his father but has parenting time with respondent. On June 2, 2006, petitioner initiated an emergency removal procedure in Family Court and a hearing was held pursuant to Family Ct Act § 1022, at the conclusion of which Family Court temporarily removed Hannah from the home, and issued orders of protection against Thomas YY. on behalf of Hannah, Timothy, Damian and Damian's mother. Petitioner then commenced this proceeding alleging that respondents had neglected Hannah, Timothy, Damian and Roy. The petition alleged instances of domestic violence in the home, respondent's failure to protect the children and respondent's refusal to take action to remove herself and the children or Thomas YY. from the home. Following Thomas YY.'s admission of neglect and an October 5, 2006 fact-finding hearing, Family Court found that respondents had neglected the children, continued placement of Hannah in the custody of petitioner and issued a written order to that effect entered March 12, 2007. By separate order also entered March 12, 2007 and following a permanency hearing (*see* Family Ct Act §§ 1088, 1089), the court ordered continued placement of Hannah with petitioner. Only respondent now appeals from both orders.

We conclude that the adjudication of neglect with respect to respondent must be reversed. "[R]espondents in proceedings brought under Family Ct Act article 10 shall be advised of their rights to be represented by counsel, to seek an adjournment to consult with counsel and to have counsel provided for them if they are financially unable to obtain counsel" (*Matter of David VV.*, 25 AD3d 882, 883 [2006]; *see* Family Ct Act § 262 [a] [i]), and a Family Ct Act § 1022 removal hearing is no exception (*see* Family Ct Act §§ 1022-a, 262).

It is undisputed that respondent was not advised of her right to counsel until after the removal hearing was over, at which

point the Public Defender's office was assigned to represent her in all subsequent proceedings. Where, as here, "the dictates of Family Ct Act § 262 have not been followed, no prejudice analysis is necessary[;] . . . reversal is mandated because a fundamental right has been denied respondent" (*Matter of Pfrang v Charland*, 42 AD3d 611, 612 [2007]). Further, testimony at the removal hearing by both respondents—without the benefit of counsel—and two other witnesses was clearly relied upon as a basis for Family Court's decision in the neglect proceeding (*see Matter of David VV.*, 25 AD3d at 883-885). Although Thomas YY. also testified at the subsequent October 5, 2006 fact-finding hearing, his testimony on that occasion—standing alone—was insufficient to sustain a finding of neglect against respondent. Accordingly, Family Court's finding of neglect against respondent must be reversed and the case remitted for a new fact-finding hearing (*see Matter of Pfrang v Charland*, 42 AD3d at 612; *Matter of Hassig v Hassig*, 34 AD3d 1089, 1091 [2006]; *Matter of David VV.*, 25 AD3d at 884-885).

Mercure, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order entered March 12, 2007 adjudicating the children to be neglected is modified, on the law, without costs, by reversing so much thereof as found that respondent Lori A. neglected her children; matter remitted to the Family Court of Columbia County for further proceedings not inconsistent with this Court's decision, and, pending further proceedings, placement shall continue temporarily until the parties' first appearance; and, as so modified, affirmed. Ordered that the appeal from the order entered March 12, 2007 continuing the foster care placement of Hannah YY. is dismissed, as academic, without costs.