■ In the Matter of ALICIA EE., a Child Alleged to be a Severely Abused. ALBANY COUNTY DEPARTMENT FOR CHILDREN, YOUTH AND FAMILIES, Respondent; ADAM FF., Appellant. [899 NYS2d 380]—

Lahtinen, J. Appeal from an amended order of the Family Court of Albany County (Maney, J.), entered July 29, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be severely abused, and terminated respondent's parental rights.

Respondent is the father of Alicia EE. (born in 2003) and, in September 2008, Family Court found the child was abused by virtue of respondent's conduct toward her that had resulted in his conviction of assault in the second degree and aggravated assault on a person less than 11 years old. In its order, Family Court also relieved petitioner of its diligent efforts obligation. Thereafter, petitioner moved for summary judgment in its separate proceeding to have the child adjudicated as a severely abused child (see Social Services Law § 384-b [8] [a] [iii] [C]). While the motion was pending, respondent's assigned counsel wrote a letter in January 2009 to Family Court stating that respondent had failed to respond to her request that he advise her in writing if he wished to oppose the motion, opining that there was no legal basis to oppose the motion, and requesting that she be relieved from representing respondent. The unopposed motion was granted in February 2009.

At the beginning of the March 2009 dispositional hearing, respondent asserted that he was unaware that his attorney had been relieved from representing him and that summary judgment had been granted. Family Court thus appointed another attorney, and that attorney requested that the court vacate its summary judgment decision since respondent had not been afforded an ample opportunity to respond to the motion and his counsel had ostensibly been relieved (or ceased representing him) without his knowledge while the motion was pending. The motion to vacate was denied, a dispositional hearing conducted, and respondent's parental rights terminated. Respondent appeals arguing that the order granting petitioner's summary judgment motion should be reversed since it was rendered after

his attorney had, without adequate notice to him, moved to withdraw from representing him.

Finding merit in respondent's argument, we reverse. Respondent had a right to an attorney when facing a proceeding seeking to terminate his parental rights (see Family Ct Act §§ 261, 262). "An attorney of record may withdraw as counsel only upon notice to his or her client" (Matter of Hohenforst v DeMagistris, 44 AD3d 1114, 1116 [2007] [citations omitted]; see CPLR 321 [b] [2]). Indeed, "[t]he right to counsel includes the right to notice prior to a court-ordered withdrawal from representation" (Matter of Jung [State Commn. on Jud. Conduct], 11 NY3d 365, 373 [2008]).

Respondent submitted an affidavit stating that he never received notice that his attorney was seeking to withdraw from representation during the time that the motion for summary judgment was pending. He states that he did not learn of her withdrawal until his court appearance at the dispositional hearing. There is no affidavit or other competent evidence in the record indicating otherwise. The only apparent notice regarding the request to withdraw was counsel's January 2009 letter to the court. The letter did not provide ample notice (see CPLR 321 [b] [2]) and, in any event, respondent denied receiving the letter and there is no affidavit indicating that the letter was sent to him. Since respondent established that his right to counsel was not fully protected, petitioner's contention that respondent had no viable ground to oppose the motion is not germane (cf. Matter of Hannah YY., 50 AD3d 1201, 1202-1203 [2008]; Matter of Pfrang v Charland, 42 AD3d 611, 612 [2007]; Matter of Hassig v Hassig, 34 AD3d 1089, 1091 [2006]). Our reversal is without prejudice to petitioner seeking similar relief in a motion or proceeding where respondent's right to counsel is fully protected.

Mercure, J.P., Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the amended order is reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.