In the Matter of ELIJAH ZZ. and Another, Children Alleged to be Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FREDDIE ZZ., Appellant. [987 NYS2d 254]—

Garry, J. Appeal from an order of the Family Court of Broome County (Charnetsky, J.), entered September 19, 2012, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

Pursuant to a 2009 order, respondent had primary physical placement of his two children (born in 2003 and 2005) and joint custody with their mother. In January 2012, petitioner applied for the children's temporary removal from respondent's custody based upon allegations of excessive corporal punishment. Following a hearing pursuant to Family Ct Act § 1022, during the course of which respondent appeared but was unrepresented, Family Court ordered the children's temporary removal and placed them with petitioner. Counsel was then assigned to respondent, and petitioner commenced this proceeding. The mother commenced a Family Ct Act article 6 modification proceeding, and the children were placed in her temporary

custody after a hearing pursuant to Family Ct Act § 1027. Following a fact-finding hearing, the court issued an order adjudicating the children as neglected. Respondent entered into a stipulated order of disposition. At the same time, a custody order was entered on consent in the modification proceeding by which the children were placed in the joint custody of respondent and the mother, with physical placement to the mother. The custody order provided that respondent's completion of the services mandated by the dispositional order, including parenting and anger management classes, would constitute a change in circumstances sufficient to permit him to seek modification. Respondent appeals from the fact-finding order.

Respondent neither contends that the neglect adjudication lacked a sound and substantial basis in the record nor that he received anything less than meaningful representation following the assignment of his counsel. His sole contention is that by failing to advise him of his right to counsel immediately upon his appearance in the temporary removal hearing, Family Court violated Family Ct Act § 262 and, thus, the neglect determination must be reversed. We disagree, and affirm.

Respondent arrived at the temporary removal hearing during the course of the testimony of a child protective caseworker describing the reasons supporting removal. Immediately upon his arrival, Family Court greeted respondent, advised him of the purpose of the proceeding—i.e., that petitioner was seeking a temporary foster care placement—and asked whether respondent consented to such placement, which respondent refused. The caseworker completed her testimony; the court then advised respondent that he had the option to participate in the proceeding, but warned that by doing so, he might "be giving up certain important rights that [he had] regarding applying for the return of the children." Respondent requested counsel. The court then rendered its determination that the children should be temporarily removed and, immediately thereafter, engaged in a colloquy with respondent to ascertain that he was qualified for assigned counsel; counsel was promptly assigned. In subsequent proceedings, respondent repeatedly advised that he intended to apply for return of the children pursuant to Family Ct Act § 1028, but no such application was ever filed.

It is well established that failure to fully advise a respondent of his or her right to counsel is a deprivation of a fundamental right that requires reversal of any "resulting adjudication" in a proceeding pursuant to Family Ct Act article 10, whether or not prejudice is shown (*Matter of David VV.*, 25 AD3d 882, 883-884 [2006]; *see* Family Ct Act § 262 [a] [i]; *People v Smith*, 62 NY2d

306, 312 [1984]; *see also Matter of Pfrang v Charland*, 42 AD3d 611, 612 [2007]; *Matter of Grayson v Fenton*, 8 AD3d 696 [2004]). "[A] Family Ct Act § 1022 removal hearing is no exception" to this requirement (*Matter of Hannah YY.*, 50 AD3d 1201, 1202 [2008]). Here, Family Court undisputedly failed to advise respondent of his right to counsel "[w]hen [he] first appear[ed] in court . . . before proceeding" with the temporary removal hearing (Family Ct Act § 262 [a]). We do not condone this failure (*see Matter of Chelsea BB.*, 34 AD3d 1085, 1088 [2006], *lv denied* 8 NY3d 806 [2007]).

Nonetheless, we agree with the attorney for the children that the circumstances present here are distinguished from the precedent cited above—not due to the lack of any resulting prejudice, which would not suffice—but rather and specifically relative to whether the determination ultimately rendered after the fact-finding hearing constituted a "resulting adjudication." Here, the neglect adjudication was based *solely* upon evidence elicited during the course of the fact-finding hearing; no testimony from the temporary removal hearing—in which respondent did not participate—was introduced. The adjudication following fact-finding did not therefore rely, in any part, on the evidence adduced at the temporary removal hearing (*compare Matter of Hannah YY.*, 50 AD3d at 1203; *Matter of David VV.*, 25 AD3d at 883-884). Moreover, following the assignment of counsel, respondent failed to avail himself of the opportunity to apply for the children's return pursuant to Family Ct Act § 1028; instead, he participated in the fact-finding hearing and, thereafter, with the advice of counsel, stipulated to the dispositional order and consented to the custody order. Under these particular circumstances, we find that respondent's contentions regarding the temporary removal hearing are rendered moot (*see Matter of Mitchell WW. [Andrew WW.]*, 74 AD3d 1409, 1411-1412 [2010]; *Matter of Chelsea BB.*, 34 AD3d at 1088; *Matter of Frank Y.*, 11 AD3d 740, 743 [2004]; *compare Matter of Joseph DD.*, 300 AD2d 760, 766 [2002], *lv denied* 100 NY2d 504 [2003]).

Peters, P.J., Lahtinen and Rose, JJ., concur. Ordered that the order is affirmed, without costs.