In the Matter of Li Wong, Appellant, v Fen Liu, Respondent. [993 NYS2d 372]—

In related child custody proceedings pursuant to Family Court Act article 6 and a related family offense proceeding pursuant to Family Court Act article 8, the father appeals from (1) an order of the Supreme Court, Kings County (IDV Part) (Henry, J.), dated August 6, 2012, which, upon his failure to appear at the last day of the hearing, granted the mother's petition for sole legal and physical custody of the subject child, (2) an order of the same court dated December 14, 2012, which denied his motion to vacate the order dated August 6, 2012, and (3) an order of the same court, also dated December 14, 2012, which, upon the denial of his motion to vacate the order dated August 6, 2012, in effect, dismissed his petition for custody and awarded him only certain visitation.

Ordered that the appeal from the order dated August 6, 2012, is dismissed, without costs or disbursements; and it is further,

Ordered that the orders dated December 14, 2012, are affirmed, without costs or disbursements.

A hearing was commenced on the parties' petitions for custody and the father's family offense petition. The mother testified and was cross-examined by the father's attorney on several dates. On the final date of the hearing, the father failed to appear. After contacting the father at the Supreme Court's request, his attorney informed the court that the father did not wish to continue with the hearing. In an order dated August 6, 2012, the Supreme Court, upon the father's failure to appear on the last day of the hearing, granted the mother's petition for sole legal and physical custody of the subject child. Thereafter, the father moved to vacate the order dated August 6, 2012, arguing that his default should be excused. In an order dated December 14, 2012, the court denied that motion. In another order dated December 14, 2012, the court awarded the father certain visitation. The father appeals from all three orders, contending that the court erred in denying his motion to vacate the August 6, 2012, order, and requests that the matter be

remitted for a continuation of the hearing on the parties' petitions.

The father's appeal from the order dated August 6, 2012, must be dismissed, as no appeal lies from an order that is entered on the default of the appealing party (*see* CPLR 5511; *Matter of Alexandria M. [Mattie M.]*, 108 AD3d 548 [2013]; *Matter of Aidiles Noelia A.*, 48 AD3d 676 [2008]).

The decision of whether to relieve a party of an order entered upon his or her default rests within the sound discretion of the trial court (*see Matter of Strickland v Lewis*, 110 AD3d 907 [2013]; *Matter of Atkin v Atkin*, 55 AD3d 905 [2008]; *Matter of Coates v Lee*, 32 AD3d 539 [2006]). A party seeking to vacate such an order must establish a reasonable excuse for the default and a potentially meritorious cause of action or defense (*see Matter of Cummings v Rosoff*, 101 AD3d 713 [2012]; *Matter of Lorraine D. v Widmack C.*, 79 AD3d 745 [2010]; *Matter of Jurow v Cahill*, 56 AD3d 559 [2008]; *Matter of Atkin v Atkin*, 55 AD3d 905 [2008]).

Here, the father failed to establish either a reasonable excuse for his default or a potentially meritorious cause of action or defense. Accordingly, the Supreme Court providently exercised its discretion in denying the father's motion to vacate the order dated August 6, 2012, made upon his failure to appear, and dismissing his petition for custody. Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.