# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**894**

**CAF 12-02212**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF JOSLYN U., DANZARIO E.,
ANASIAH L. AND ARIEL L.

---------------------------------------------    MEMORANDUM AND ORDER

OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

HEATHER L., RESPONDENT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF
COUNSEL), FOR RESPONDENT-APPELLANT.

LESLEY C. GERMANOW, MEXICO, FOR PETITIONER-RESPONDENT.

JOHN W. SPRING, JR., ATTORNEY FOR THE CHILD, PHOENIX.

STEPHANIE N. DAVIS, ATTORNEY FOR THE CHILD, OSWEGO.

PAMELA A. MUNSON, ATTORNEY FOR THE CHILDREN, FULTON.

---

Appeal from an order of the Family Court, Oswego County (Kimberly
M. Seager, J.), entered October 15, 2012 in a proceeding pursuant to
Family Court Act article 10.  The order determined that respondent had
neglected the subject children.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs and the matter is
remitted to Family Court, Oswego County, for further proceedings in
accordance with the following Memorandum:  Respondent mother appeals
from an order determining that she neglected the subject children.
The record establishes that the mother failed to appear at the fact-
finding hearing and that her attorney withdrew and did not participate
therein.  We agree with the mother that Family Court erred in allowing
her attorney to withdraw and in proceeding with the hearing in the
mother's absence, inasmuch as the attorney failed to provide
reasonable notice to the mother that she planned to withdraw (*see
Matter of Meko M.*, 272 AD2d 953, 954).  The mother's attorney did not
make a written motion to withdraw as counsel and merely sent the
mother a letter six days before the hearing stating she may withdraw
if the mother did not appear for the hearing and thus failed to give
the mother proper notice and time to respond.  We note that, although
the record fully supports a finding that the mother neglected the
subject children, " 'such a finding may not stand [where, as here, the
mother] was denied due process' " (*id.*).  We therefore reverse the
order and remit the matter to Family Court for the assignment of new

counsel and a new hearing on the petition.

Entered: October 3, 2014

Frances E. Cafarell
Clerk of the Court