Matter of Menghi v Trotta-Menghi (2018 NY Slip Op 04324)





Matter of Menghi v Trotta-Menghi


2018 NY Slip Op 04324


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-06691
 (Docket Nos. V-14891-16, V-14892-16)

[*1]In the Matter of Mark Menghi, respondent, 
v
Adrienne Trotta-Menghi, appellant.


Arza Rayches Feldman, Uniondale, NY (Steven Feldman of counsel), for appellant.
Quatela Chimeri, PLLC, Hauppauge, NY (Christopher J. Chimeri and Sophia Arzoumanidis of counsel), for respondent.
Jordan M. Freundlich, Lake Success, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Kerri N. Lechtrecker, Ct. Atty. Ref.), dated February 16, 2017. The order granted the father's petition to modify a prior order of custody and visitation so as to award him sole custody of the parties' children subject to the mother's specified parenting time.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new hearing and a new determination thereafter; and it is further,
ORDERED that pending the new hearing and determination, or further order of the Family Court, Suffolk County, the father shall have sole custody of the parties' children subject to the mother's specified parenting time set forth in the order dated February 16, 2017.
On the adjourned date for a hearing on the father's petition to modify a prior order of custody and visitation, February 16, 2017, the mother did not appear, and the Family Court relieved her attorney, proceeded to an inquest, and ultimately granted the father's petition, purportedly upon the mother's default. The mother appeals.
Generally, no appeal lies from an order made upon the default of the appealing party (see CPLR 5511; Matter of Li Wong v Fen Liu, 121 AD3d 692, 693; Matter of Layne v Wyllie, 277 AD2d 239, 239). Rather, the proper procedure is to move to vacate the default and, if necessary, appeal from any denial of that motion (see CPLR 5015[a][1]; Matter of Li Wong v Fen Liu, 121 AD3d at 693; Matter of Layne v Wyllie, 277 AD2d at 239). Here, however, there was no proper order entered upon default. An attorney of record may withdraw as counsel only upon sufficient cause and upon notice to the client (see CPLR 321[b][2]; Matter of Hohenforst v DeMagistris, 44 AD3d 1114, 1116; Matter of Kindra B., 296 AD2d 456, 458; Matter of Tierra C., 227 AD2d 994, 994-995). Indeed, a purported withdrawal without proof of proper notice to the client is ineffective (see Matter of Hohenforst v DeMagistris, 44 AD3d at 1116; Matter of Williams v Lewis, 258 AD2d 974, 974), and a court may not enter a default order in the absence of a proper withdrawal (see [*2]Matter of Williams v Lewis, 258 AD2d at 974). There is no indication on the record that the mother's attorney informed her that he was seeking to withdraw as counsel. Accordingly, the Family Court should not have relieved the mother's attorney as counsel or entered an order on the mother's default (see Matter of Hohenforst v DeMagistris, 44 AD3d at 1116; Matter of Kindra B., 296 AD2d at 458; Matter of Tierra C., 227 AD2d at 995). Inasmuch as no order was properly entered upon default, the mother's appeal is not precluded (see Matter of La'Derrick W., 63 AD3d 1538, 1539; Matter of Davontae D., 62 AD3d 1251, 1251-1252; Matter of Michael W., 239 AD2d 865, 866; Matter of Tierra C., 227 AD2d at 994-995).
Accordingly, the order must be reversed and the matter remitted to the Family Court, Suffolk County, for a new hearing and a new determination thereafter.
The mother's remaining contention need not be addressed in light of our determination.
DILLON, J.P., BALKIN, MILLER and CONNOLLY, JJ., concur.

2017-06691 DECISION & ORDER ON MOTION
In the Matter of Mark Menghi, respondent, v Adrienne
Trotta-Menghi, appellant.
(Docket Nos. V-14891-16, V-14892-16)

Motion by the respondent, inter alia, to dismiss an appeal from an order of the Family Court, Suffolk County, dated February 16, 2017, on the ground that no appeal lies from an order entered upon the default of an appealing party.
By decision and order on motion of this Court dated December 6, 2017, that branch of the motion which is to dismiss the appeal on the ground that no appeal lies from an order entered upon the default of an appealing party was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal on the ground that no appeal lies from an order entered upon the default of an appealing party is denied.
DILLON, J.P., BALKIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court