Matter of Richard TT. (Kara VV.) (2024 NY Slip Op 00215)

Matter of Richard TT. (Kara VV.)

2024 NY Slip Op 00215

Decided on January 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 18, 2024

536032
[*1]In the Matter of Richard TT. and Others, Alleged to be Neglected Children. Schenectady County Department of Social Services, Respondent; Kara VV., Appellant.

Calendar Date:November 14, 2023

Before:Egan Jr., J.P., Pritzker, Fisher, McShan and Powers, JJ.

Monique B. McBride, Albany, for appellant.
Christopher Gardner, County Attorney, Schenectady (Jennifer M. Barnes of counsel), for Schenectady County Department of Social Services, respondent.
Sandra M. Colatosti, Albany, for Richard UU., respondent.
Alexandra G. Verrigni, Rexford, attorney for the children.

Fisher, J.
Appeal from an order of the Family Court of Schenectady County (Jill S. Polk, J.), entered June 10, 2022, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent Kara VV. (hereinafter the mother) and respondent Richard UU. (hereinafter the father) are the unmarried parents of four children (born in 2003, 2007, 2009 and 2013). Following a report to petitioner in July 2020, the children were removed from respondents' care and placed in the custody of petitioner, which filed separate petitions against the mother and the father seeking to find the children to have been neglected by the parents.[FN1] Despite attending the initial appearance, the mother inconsistently appeared at subsequent proceedings. However, the mother appeared at the initial permanency hearing in March 2021 and, although her phone number had been subsequently disconnected, she attended the next permanency hearing in September 2021. Given the disconnected phone number, the mother's assigned counsel requested an adjournment because she had been unable to adequately prepare for the hearing, but represented that the mother had previously been "doing an excellent job keeping in touch" and the attorney did not want Family Court to think that the mother had just "disappeared" and suddenly appeared in court; Family Court denied the request and proceeded with the hearing. Thereafter, the mother did not appear at the continuation of the same permanency hearing scheduled in November 2021 or the adjourned date a week later in December 2021, whereat the mother's assigned counsel orally moved to be relieved as counsel. Family Court granted such application and proceeded with the permanency hearing, held a fact-finding hearing on the neglect petition the next day without the mother or any counsel for her present, and ultimately found the children to be neglected by respondents. The mother appeals.[FN2]
We reverse the finding as to the mother and remit. It is well established that the mother, as a respondent in a proceeding pursuant to article 10 of the Family Ct Act, had both a constitutional and a statutory right to the assistance of counsel (see US Const, 6th Amend; NY Const, art I, § 6; Family Ct Act §§ 261, 262 [a] [i]; Matter of Jung [State Commn. on Jud. Conduct], 11 NY3d 365, 373 [2008]; Matter of Pfrang v Charland, 42 AD3d 611, 611 [3d Dept 2007]). Once counsel has been assigned, an attorney of record may withdraw from representation only upon reasonable notice to his or her client (see CPLR 321 [b] [2]; Matter of Hohenforst v DeMagistris, 44 AD3d 1114, 1116 [3d Dept 2007]). Such requirement remains true even where a party fails to appear at proceedings or there are allegations of a breakdown in communication between the client and the attorney (see Matter of Joslyn U. [Heather L.], 121 AD3d 1521, 1521 [4th Dept 2014], lv dismissed 24 NY3d 1098 [2015]; Matter of Meko M., 272 AD2d 953, 954 [4th [*2]Dept 2000]; compare Matter of Dakota W. [Kimberly X.], 189 AD3d 2004, 2005 [3d Dept 2020], lv denied 36 NY3d 911 [2021]).
Here, there is no indication in the record that the mother's assigned counsel had informed her that she was seeking to withdraw as counsel (see Matter of Joslyn U. [Heather L.], 121 AD3d at 1521; Matter of Hohenforst v DeMagistris, 44 AD3d at 1116; Matter of Meko M., 272 AD2d at 954). Nor does the record reveal that Family Court made any inquiry into such notice or whether there was good and sufficient cause for such withdrawal (see Matter of Meko M., 272 AD2d at 954; see generally Matter of Kathleen K. [Steven K.], 17 NY3d 380, 386 [2011]). The record further fails to demonstrate that the mother had "voluntarily absented herself from the proceedings," as her assigned counsel — less than two months before immediately withdrawing at the start of the hearing — had commended the mother's "excellent job keeping in touch" (Matter of Dakota W. [Kimberly X.], 189 AD3d at 2005). Further, the record from the November 2021 continuation of the permanency hearing revealed testimony from the caseworker that the mother had moved from the Rochester area to the Schenectady-Albany area, and had contacted the caseworker four days before the hearing date to schedule a conference call with her. For these reasons, we also reject the contentions of the appellate attorney for the children that the mother was in default (see generally Matter of Elaysia GG. [Amber HH.], 221 AD3d 1338, 1339 [3d Dept 2023]; Matter of Amanda I. v Michael I., 185 AD3d 1252, 1253-1254 [3d Dept 2020]).[FN3] As it relates to petitioner's contention that there was sufficient evidence of neglect in the petition, we note that "[t]he deprivation of a party's fundamental right to counsel is a denial of due process and requires reversal, without regard to the merits of the unrepresented party's position" (Matter of Dolson v Mitts, 99 AD3d 1079, 1080 [3d Dept 2012] [internal quotation marks and citations omitted]; see Matter of Joslyn U. [Heather L.], 121 AD3d at 1521; Matter of Hannah YY., 50 AD3d 1201, 1203 [3d Dept 2008]; Matter of Wilson v Bennett, 282 AD2d 933, 935 [3d Dept 2001]; Matter of Meko M., 272 AD2d at 954). To that end, because the directives of Family Ct Act § 262 were not followed, the mother does not need to demonstrate actual prejudice (see Matter of Pfrang v Charland, 42 AD3d at 612; Matter of Wilson v Bennett, 282 AD2d at 935). Accordingly, Family Court's finding of neglect against the mother must be reversed and the case remitted for a new fact-finding hearing upon compliance with Family Ct Act §§ 261 and 262 (see Matter of Hannah YY., 50 AD3d at 1203; Matter of Pfrang v Charland, 42 AD3d at 612; see also Matter of Dolson v Mitts, 99 AD3d at 1080).
Egan Jr., J.P., and McShan, J., concur.
Pritzker, J. (dissenting).
Although we share in the majority's concern regarding respondent Kara VV. (hereinafter the mother) being denied due process, we respectfully dissent [*3]because it is our opinion that this issue is not properly before this Court given that the neglect finding was issued on default (see CPLR 5511). Specifically, the mother defaulted when she failed to appear at the fact-finding hearing on the neglect petition and, because her attorney had been relieved, no attorney participated at the hearing on her behalf (see Matter of Destiny F.S.J. [Elio F.S.], 221 AD3d 602, 603 [2d Dept 2023]; Matter of Irelynn S.[Maurice S.], 188 AD3d 1744, 1744 [4th Dept 2020], affd 38 NY3d 933 [2022]; Matter of Adele T. [Kassandra T.], 143 AD3d 1202, 1204 [3d Dept 2016]; compare Matter of Elaysia GG. [Amber HH.], 221 AD3d 1338, 1339 [3d Dept 2023]; Matter of Jerry VV. v Jessica WW., 186 AD3d 1799, 1800 [3d Dept 2020]; Matter of Amanda I. v Michael I., 185 AD3d 1252, 1253-1254 [3d Dept 2020]), thus there were no contested issues presented at the fact-finding for this Court to review (see e.g. Matter of Destiny F.S.J. [Elio F.S.],221 AD3d at 603; Matter of Navyiah Sarai U. [Erica U.], 211 AD3d 959, 960 [2d Dept 2022]). As such, the mother's sole recourse was to move to vacate the default pursuant to CPLR 5015 (a), essentially making the same arguments she has raised on direct appeal, and, if same is denied, appeal from that denial (see Matter of Corey MM. [Cassandra LL.], 177 AD3d 1119, 1120 [3d Dept 2019]; Matter of Nicole TT. v Rickie UU., 174 AD3d 1070, 1070-1071 [3d Dept 2019]). Accordingly, it is our view that this appeal must be dismissed.
Powers, J., concurs.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted petitioner's application against respondent Kara VV.; matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: The mother initially consented to the removal and, following a hearing at the initial appearance, Family Court continued such removal order and issued several related orders that are not relevant to this appeal.

Footnote 2: Following oral argument, the parties were permitted to address whether this appeal became moot due to subsequent proceedings that occurred in Family Court. Although an appeal from certain Family Court determinations may become moot by certain subsequent proceedings, "the finding of neglect creates a permanent and significant stigma that may adversely affect [a parent] . . . in further proceedings" (Matter of Neveah AA. [Alia CC.], 124 AD3d 938, 939 [3d Dept 2015] [internal quotation marks and citations omitted]; see Matter of Derick L. [Michael L.], 166 AD3d 1325, 1326 [3d Dept 2018], lv denied 32 NY3d 915 [2019]). As a result, an appeal from a finding of neglect is not moot — even in instances where parental rights were later terminated by judicial surrender or a finding of permanent neglect, and after the children were adopted (see Matter of Neveah AA. [Alia CC.], 124 AD3d at 939; Matter of Karm'Ny QQ. [Steven QQ.], 114 AD3d 1101, 1101-1102 [3d Dept 2014]; Matter of Bayley W. [Jaden W.], 100 AD3d 1203, 1203-1204 [3d Dept 2012]).

Footnote 3: Indeed, "[i]t is beyond cavil that a party's failure to appear does not automatically result in a default, especially where counsel appears on the party's behalf" (Matter of Madelyn V. [Lucas W.-Jared V.], 199 AD3d 1249, 1252 [3d Dept 2021]; lv denied 38 NY3d 901 [2022]). The critical distinction between the cases cited by the dissent and this case is that, in those cases, the parent had still been represented by counsel during the proceeding, who choose to participate on behalf of their client or chose to remain present but not participate — like the father's attorney had done as an exemplar for over a year and a half (see Matter of Elaysia GG. [Amber HH.], 221 AD3d at 1339; compare Matter of Myasia QQ. [Mahlia QQ.], 133 AD3d 1055, 1056 [3d Dept 2015]). Whereas here, however, the mother's counsel immediately withdrew before there was an opportunity to participate or remain present in the hearing, and Family Court neither made any inquiry nor developed the record to determine whether counsel knew or understood that the mother had expected her attorney to continue to participate, in her absence, in that hearing or the fact-finding hearing on the neglect petition, which took place the next day (see Matter of Elaysia GG. [Amber HH.], 221 AD3d at 1339; Matter of Jerry W. v Jessica WW., 186 AD3d 1799, 1800 [3d Dept 2020]; Matter of Amanda I. v Michael I., 185 AD3d at 1253-1254). It is this important distinction combined with counsel's representations in September 2021 that the mother was doing an "excellent job" communicating with counsel, on November 22, 2021 when the caseworker admitted the mother contacted her for a meeting just four days before the appearance after relocating to be closer to the children, and the oral application to be relieved as counsel the following week on December 1, 2021 — when the mother's counsel again stated on the record that the mother had been "generally very [responsive]" but not as of late — which serves as the basis for rejecting the notion that the mother had defaulted. We additionally note that no party had moved to find the mother in default nor did Family Court hold the mother in default during this appearance (see generally Matter of Daniel RR. v Heather RR., 221 AD3d 1301, 1302 n 2 [3d Dept 2023]).