■ In the Matter of PAMELA L. BOMBARD, Also Known as PAMELA L. SMITH, Respondent, v WILLIAM E. BOMBARD, Appellant. [678 NYS2d 691] —White, J. Appeals (1) from an order of the Family Court of Warren County (Austin, J.), entered December 22, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to hold respondent in willful violation of a prior child support order, and (2) from the judgment entered thereon.

In 1995, pursuant to Family Court Act article 4, a violation petition was filed against respondent alleging that he willfully failed to obey a child support order entered September 30, 1992, directing him to pay petitioner $54 per week plus $10 in arrears and a proportionate share of certain child care expenses. On the return date of the petition, respondent appeared with counsel and secured an adjournment. On the adjourned date, he again appeared with counsel who informed Family Court that he had reviewed the matter extensively with respondent and, as it appeared that the only controversy was the accuracy of petitioner's accounting of unpaid child care expenses, he requested permission to withdraw to allow respondent to proceed *pro se* and thereby avoid additional legal expenses. Family Court granted the request after respondent indicated that he consented to his attorney's withdrawal.* At the conclusion of the evidentiary hearing, Family Court found that respondent's violation of the child support order was willful and granted petitioner a $9,014.69 judgment plus costs, but did not impose any sanctions on respondent; instead the court admonished him that, if he continued to flout the child support order, he would be incarcerated. Respondent appeals.

Initially, given the fact that respondent did not establish to our satisfaction that he was financially unable to obtain counsel, our denial of his request for an assigned appellate counsel did not deny him his constitutional or statutory right to counsel (*see*, *Matter of Smiley*, 36 NY2d 433, 437; *see also*, Family Ct Act § 1120 [a]).

One argument advanced by respondent for reversal centers on Family Court's decision allowing him to proceed *pro se*. It is well established that a party is entitled to self-representation once the court determines that the decision to do so is know-

---

* Petitioner was also proceeding *pro se*.

ingly, intelligently and voluntarily made (*see, People v Mc-Intyre*, 36 NY2d 10, 17; *Matter of Denise AA. v David AA.*, 237 AD2d 680, 682; *Tesoriero v Tesoriero*, 114 AD2d 1027). Although it is preferable that the court's determination be made following an appropriate colloquy with the party on the record, it may also be made upon an examination of all the potential relevant circumstances (*see, People v Whitted*, 113 AD2d 454, 458-459, *lv denied* 67 NY2d 952). Here, the colloquy was sparse; however, the record shows that respondent is a college graduate, not unfamiliar with Family Court proceedings and procedures, who reached the decision to proceed *pro se* in this relatively uncomplicated matter following extensive consultations with his retained attorney. Given these circumstances, we have no difficulty in concluding that respondent's decision to proceed *pro se* was an informed and voluntary one made with full awareness of the risks inherent in representing himself (*see, People v Fisher*, 244 AD2d 191, *lv denied* 91 NY2d 891; *Kalra v Kalra*, 170 AD2d 579, *lv dismissed* 78 NY2d 1070; *People v Johnson*, 158 AD2d 621, *lv denied* 76 NY2d 737). Accordingly, we find no fault with Family Court's determination.

Turning to the merits, the undisputed evidence from the Support Collection Unit and petitioner that respondent had not made all the payments required by the child support order constituted prima facie evidence of a willful violation of that order (*see, Matter of Powers v Powers*, 86 NY2d 63, 69). Respondent had the opportunity to rebut petitioner's evidence (*see, id.*) but failed to do so, for the record shows that he did not reveal his whereabouts from October 1993 to January 1995 nor provide a credible explanation for his failure to make payments to petitioner during this period despite being employed in California. Accordingly, we shall not disturb Family Court's finding of a willful violation of its order (*see, Matter of Tarbell v Tarbell*, 241 AD2d 702; *Matter of Shaver v Shaver*, 232 AD2d 813, *lv denied* 89 NY2d 808).

Likewise, we shall not disturb Family Court's calculation of respondent's arrearages since our review of petitioner's financial affidavit and the bills attached thereto discloses that respondent's claims of fraud and duplicate billings are unsubstantiated.

We have reviewed respondent's remaining contentions and find them unpersuasive or irrelevant to these appeals.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order and judgment are affirmed, without costs.