■ In the Matter of SHANNON BAUER, Respondent, v GRANVILLE BOST, Appellant. [748 NYS2d 803] —Peters, J. Appeal from

---

an order of the Family Court of Ulster County (Mizel, J.), entered May 18, 2001, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, to find respondent in violation of an order of protection.

In December 2000, petitioner obtained a temporary order of protection against respondent. One month later, she filed a petition alleging that respondent had violated the terms of such order by threatening her with violence and by making numerous harassing telephone calls to her. At the fact-finding hearing, petitioner, her counsel, the Law Guardian, and respondent's assigned counsel appeared. Noting respondent's absence, his attorney requested to be relieved of his assignment due to a lack of contact. After granting counsel's request, Family Court received evidence and thereafter found, as here relevant, that respondent violated the terms of the temporary order of protection. Continuing such order and setting the matter down for a dispositional hearing where a predispositional investigative report would be considered, Family Court advised petitioner of how to effectuate service upon respondent.

Despite having received notice, neither party appeared at the dispositional hearing. Family Court issued a warrant for respondent's arrest. When respondent appeared in court pursuant to the warrant, Family Court informed him that it had already found him to have violated the prior order of protection, advised him of his right to be represented by counsel and inquired as to whether he wanted such assignment. Upon respondent's characterization of the entire proceeding as a waste of "a whole heck of a lot of money," the court explained that a six-month period of incarceration had been recommended and that a victim impact statement would be read into the record. The court again advised respondent of his right to have counsel assigned and, again, respondent indicated that he wanted to waive that right and proceed pro se. After reading the victim impact statement into the record, as well as the recommendations for incarceration and extension of the order of protection, the court advised respondent of his right to respond to both the recommendation and the statement and again confirmed that he desired to proceed pro se. Family Court, having considered the parties' testimony, the predispositional investigation which revealed an extensive criminal history and the recommendation of the Law Guardian, sentenced respondent to 180 days in the Ulster County Jail for his viola-

tion of the order of protection and issued a three-year order of protection. Respondent appeals.*

We agree with respondent's assertion that he had a statutory right to be advised of his right to be represented by counsel at the dispositional phase of this proceeding and his right to assigned counsel if he was financially unable to privately retain counsel of his choosing (*see* Family Ct Act § 262 [a] [ii]; *Matter of Wilson v Bennett,* 282 AD2d 933, 934; *Matter of Gaudette v Gaudette,* 263 AD2d 620, 621; *Matter of Brainard v Brainard,* 88 AD2d 996, 996). In accordance therewith, we find Family Court to have conducted a "searching inquiry" (*People v Smith,* 92 NY2d 516, 520) before determining that respondent's decision to engage self-representation was "knowingly, intelligently and voluntarily made" (*Matter of Bombard v Bombard,* 254 AD2d 529, 529-530, *lv denied* 93 NY2d 804). The record is replete with the continued colloquy between respondent and the court demonstrating that respondent was specifically informed of this right, with a further reminder that he was facing a possible prison term. Notably, even after a compelling statement by the victim was read into the record and a recommendation was made for his incarceration, the court reconfirmed respondent's stated desire to proceed pro se.

While Family Court did not specifically inform respondent of his right to an adjournment to confer with counsel (*see Matter of Brainard v Brainard, supra* at 996), it did ask whether he sought to have the "opportunity to speak with an attorney or have an attorney." Thus, considering the totality of their colloquy, we find respondent to have had a " 'sufficient awareness of the relevant circumstances and probable consequences' of his waiver" (*id.,* quoting *Matter of Lawrence S.,* 29 NY2d 206, 208; *see Matter of Bombard v Bombard, supra* at 530).

As to the sentence imposed, incarceration for a term not to exceed six months is a permitted disposition (*see* Family Ct Act § 846-a; *Matter of De Ruzzio v De Ruzzio,* 288 AD2d 725, 726; *Matter of Leighton-Ryan v Ryan,* 274 AD2d 775, 776). By respondent's own admission, he violated the order of protection by attempting to both communicate with petitioner and reside in her home. Hence, in light of respondent's criminal history and the "deference [which] should be given to Family Court because it was in a superior position to decide the extent of the

---

* A Justice of this Court granted respondent's motion for a stay pending appeal at a time when respondent had served approximately one half of his sentence. Despite the expiration of the stay, the record does not indicate whether respondent has ever completed his term of imprisonment or whether Family Court has either vacated or modified its order.

punishment required to enforce its orders" (*Matter of Wright v Wright*, 205 AD2d 889, 892), we do not find the sentence excessive (*see Matter of De Ruzzio v De Ruzzio, supra* at 726; *Matter of Leighton-Ryan v Ryan, supra* at 776).

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.