Mugglin, J.
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered June 13, 2002, which, inter alia, granted respondent’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of two children. In January 2000, upon consent of the parties, Family Court entered an order granting sole custody of the children to the mother with visitation to the father. The father commenced these proceedings in January 2002, seeking to punish the mother for violation of the prior custody order and seeking a modification transferring sole custody to him. Following evidentiary hearings, Family Court awarded sole custody to the father, with visitation rights to the mother. She appeals.
Family Ct Act § 262 (a) provides that when certain parties first appear in court, Family Court must advise them of their right to be represented by counsel of their own choosing, of their right to have an adjournment to confer with counsel, and of their right to have counsel assigned by the court if they are financially unable to retain counsel. Among the persons who must be so advised are a parent who contests any substantial infringement of his or her right to custody (see Family Ct Act § 262 [a] [v]) and any person who, in any proceeding before the court, is sought to be held in contempt or in willful violation of a previous court order (see Family Ct Act § 262 [a] [vi]).
Although the mother was entitled to such advice under both of these cited subdivisions of the statute, the record reveals that she was not advised of her right to counsel until the father had *816 rested with respect to his violation petition. Consistent with our precedent, reversal is mandated (see Matter of Wilson v Bennett, 282 AD2d 933, 935 [2001]). Moreover, even when Family Court belatedly advised the mother of her right to counsel, Family Court failed to conduct the required in depth inquiry to ascertain that the mother’s decision to proceed pro se was knowingly, intelligently and voluntarily made (see Matter of Bauer v Bost, 298 AD2d 648, 650 [2002]; Matter of Bombard v Bombard, 254 AD2d 529, 529-530 [1998], lv denied 93 NY2d 804 [1999]). As a consequence, the order must be reversed and the matter remitted to Family Court for a new hearing and determination (see Matter of Williams-Foreman v Crandell, 306 AD2d 570, 571 [2003]; Matter of Circe v Circe, 289 AD2d 620, 622 [2001]).
Crew III, J.P, Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, matter remitted to the Family Court of Broome County for a new hearing, and the present order shall remain in full force and effect pending such further determination.