■ In the Matter of PHILIP GRAYSON, Respondent, v TERESA FENTON, Appellant. [777 NYS2d 782]—

Rose, J. Appeal from an order of the Family Court of Chemung County (Buckley, J.), entered May 29, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.

Petitioner sought to modify a prior order of visitation by petitioning for increased summer visitation with the parties' child. Upon the parties' appearance and without conducting a full hearing, Family Court granted the petition over respondent's objection. Respondent now appeals, arguing that Family Court erred in failing to advise her of her right to counsel.

We agree. Family Ct Act § 262 (a) provides that when parties contesting custody or visitation first appear, Family Court must advise them of their right to be represented by counsel, to have an adjournment to confer with counsel and to have counsel assigned by the court if they are financially unable to retain counsel (see Family Ct Act § 262 [a] [v]). The record here fails to disclose that respondent was advised of these rights. As a result, reversal is mandated (see Matter of Lee v Stark, 1 AD3d 815, 815-816 [2003]; Matter of Wilson v Bennett, 282 AD2d 933, 935 [2001]) and the matter must be remitted to Family Court for a new determination (see Matter of Lee v Stark, supra at 816).

While this ruling renders academic respondent's remaining argument that Family Court also erred in failing to conduct a hearing, we nonetheless note that the petition, as presented, would not have warranted a hearing and would have been subject to dismissal because it failed to allege any change in circumstances whatsoever (see Matter of Engwer v Engwer, 307 AD2d 504, 505 [2003]; Matter of Cooke v Miller, 300 AD2d 959, 960 [2002]).

Peters, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, matter remitted to the Family Court of Chemung County for a new hearing, and the present order shall remain in full force and effect pending such further determination.