■ In the Matter of DAVID VV. and Others, Children Alleged to be Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DENNIS VV., Appellant. [807 NYS2d 683]—

Rose, J. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered June 1, 2004, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

In June 2002, petitioner applied for a temporary order of protection against respondent based upon reports of his excessive corporal punishment of his children. Following a hearing under Family Ct Act § 1029 at which respondent appeared without counsel and admitted much of the conduct of which he had been accused, Family Court granted petitioner's application and issued a temporary order of protection that, among other things, excluded respondent from the marital residence. Petitioner subsequently filed a neglect petition against both parents and the temporary order of protection was extended. Family Court then conducted a fact-finding hearing, at which respondent did not testify, and a dispositional hearing, at which respondent testified only that his approach to disciplining his children had not changed from his testimony at the section 1029 hearing. In its decision, Family Court referred to and relied upon the testimony elicited at the section 1029 hearing, and found that respondent had neglected his children by inflicting excessive corporal punishment. Family Court's resulting order included a permanent order of protection. Respondent appeals.

We find merit in respondent's initial contention that Family Court failed to fully advise him of his statutory right to counsel when he first appeared in court (see Family Ct Act §§ 261, 262). Family Ct Act § 262 (a) provides that respondents in proceedings brought under Family Ct Act article 10 shall be advised of their rights to be represented by counsel, to seek an adjournment to consult with counsel and to have counsel provided for them if they are financially unable to obtain counsel. When such a party is not fully informed of these rights, the resulting

adjudication *must* be reversed and the matter remitted for a new hearing (*see Matter of Perez v Arebalo*, 13 AD3d 85, 87 [2004]; *Matter of Lee v Stark*, 1 AD3d 815, 815-816 [2003]; *Matter of Gaudette v Gaudette*, 263 AD2d 620, 621 [1999]; *Matter of Mahoney v Doring*, 256 AD2d 1112, 1112-1113 [1998]). Further, the court's decision to permit a party who is entitled to counsel to proceed pro se must be supported by a showing on the record of a knowing, voluntary and intelligent waiver of these rights (*see Matter of Anderson v Hailey*, 13 AD3d 911, 912 [2004]; *Matter of Lee v Stark, supra* at 816; *Matter of Rachel P.*, 286 AD2d 868, 868 [2001]).

Here, the transcript of the Family Ct Act § 1029 hearing confirms that respondent was never advised that counsel would be appointed if he could not afford to retain counsel or that the matter would be adjourned to enable him to obtain counsel. Instead, Family Court stated only that it had attempted to have someone from the Public Defender's office present, but understood from the Law Guardian that respondent may not want to be represented. Then, after twice asking whether respondent wanted to be represented by counsel and each time receiving a negative reply, the court informed him that he must either consent to a temporary order removing him from the home or proceed with an immediate hearing. When he asked what would happen if he did not agree to a temporary order, Family Court merely advised him that he could testify and that anything he said would be taken into consideration. The court then asked respondent if he wanted a hearing rather than agreeing to a temporary order and did he still wish to represent himself. Respondent answered "yes" to both questions and the hearing commenced. This was plainly insufficient to comply with the requirements of Family Ct Act § 262 (a) or to confirm respondent's understanding of his decision to waive his statutory rights.

Although respondent failed to object to admission of the transcript of the Family Ct Act § 1029 hearing at the later fact-finding hearing, the record shows that he was effectively representing himself at the time and did not seek or receive his advisory counsel's assistance when the transcript was offered into evidence. More importantly, respondent's subsequent dialogue with Family Court concerning the calling of two witnesses who had testified at the section 1029 hearing reveals that he did not understand the consequences of the transcript's admission. We will, therefore, exercise our broad discretion to reach this issue in the interest of justice (*see Progressive Cas. Ins. Co. v Baker*, 290 AD2d 676, 677 [2002]). Further, Family

Court's error involved a fundamental statutory right that warrants reversal even when there is an apparent lack of prejudice to respondent (*see Matter of Wilson v Bennett*, 282 AD2d 933, 935 [2001]). Inasmuch as Family Court relied in making its final determination of the neglect proceeding upon respondent's statements at the section 1029 hearing, the matter must be remitted for a new fact-finding hearing.

In view of this decision, we need not consider respondent's remaining contentions.

Crew III, J.P., Mugglin and Lahtinen, JJ., concur.

Peters, J. (dissenting). I respectfully dissent. The record does not support respondent's contention that Family Court failed to advise him of his statutory right to counsel (*see* Family Ct Act § 262 [a]) when he appeared in Family Court for the emergency removal hearing (*see* Family Ct Act § 1029 [d]). In any event, such error was waived by respondent at the fact-finding hearing and, even without respondent's prior testimony, I would have found Family Court's determination to be fully supported.

Upon respondent's arrival at the emergency removal hearing, he was immediately informed that he had a right to counsel and that Family Court had already attempted to secure the Public Defender in anticipation of the hearing. After the Law Guardian explained that respondent may not wish to have counsel, Family Court sought independent confirmation of that fact. Respondent affirmed that he wished to proceed without counsel. Family Court thereafter detailed the interim relief being sought by petitioner and again inquired of respondent as to whether he still declined representation. Respondent affirmatively answered and sought to have the hearing commence. After a further discussion regarding the possibility of an interim order, respondent declined to consent and sought to immediately proceed. Family Court explained the proffering of proof and respondent's role in tendering his testimony. It clarified that anything that respondent said in the hearing would be taken into consideration both now and in any subsequent hearing if and when a petition for neglect was filed. Respondent confirmed that he understood all of the procedures detailed and was steadfast in his desire for self-representation.

At a later fact-finding hearing on the neglect petition, counsel from the Public Defender's office appeared on behalf of respondent. Immediately, counsel clarified to Family Court that respondent wished to represent himself and that he was present only for the purpose of consultation. During opening statements, petitioner's counsel sought to have the transcript of the Family Ct Act § 1029 hearing admitted into evidence. Without hesita-

tion or objection, respondent stated as follows, "I'll accept or consent to the complete transcript being entered into evidence in this trial."

In my view, Family Court conducted a "searching inquiry" (*People v Smith*, 92 NY2d 516, 520 [1998]) before determining that respondent's decision to engage in self-representation was " 'knowingly, intelligently and voluntarily made' " (*Matter of Bauer v Bost*, 298 AD2d 648, 650 [2002], quoting *Matter of Bombard v Bombard*, 254 AD2d 529, 529-530 [1998], *lv denied* 93 NY2d 804 [1999]). While I recognize that Family Court did not specifically inform respondent, at the initial hearing, that if he could not afford counsel, one would be appointed, I find it clear from Family Court's colloquy that an appointment was presumed by all and that if respondent did choose to be represented by counsel, the matter would be adjourned. "Thus, considering the totality of their colloquy, [I] find respondent to have had a ' "sufficient awareness of the relevant circumstances and probable consequences" of his waiver' " (*Matter of Bauer v Bost, supra* at 650, quoting *Matter of Brainard v Brainard*, 88 AD2d 996, 996 [1982], quoting *Matter of Lawrence S.*, 29 NY2d 206, 208 [1971]; *see generally Matter of Coles v Bailey*, 267 AD2d 723, 723 [1999], *lv denied* 94 NY2d 762 [2000]; *cf. Matter of Meko M.*, 272 AD2d 953, 954 [2000]).

With no impingement of respondent's right to counsel at the Family Ct Act § 1029 hearing, there can be no viable claim of error in the admission of the transcript of that hearing on the neglect petition, when respondent specifically agreed to its admission without any objection or limitation. Any challenge that respondent may have had regarding that testimony was waived by his consent. Moreover, even if we were to ignore the testimony elicited at the section 1029 hearing, a sufficient quantum of evidence was introduced at the fact-finding hearing to support a finding of neglect.

For these reasons, I would affirm the order of Family Court.

Ordered that the order is reversed, on the law, without costs, matter remitted to the Family Court of Ulster County for a new fact-finding hearing and, pending a further order by Family Court, the prior, temporary order of protection, entered June 27, 2002 and thereafter extended, shall remain in full force and effect.