▪ In the Matter of DAVID W. HASSIG et al., Appellants, v ANN M. HASSIG, Respondent. (And Two Other Related Proceedings.) [825 NYS2d 165]—

Kane, J. Appeals (1) from an order of the Family Court of St. Lawrence County (Potter, J.), entered August 26, 2004, which, inter alia, dismissed petitioners' application, in three proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody, and (2) from an order of said court, entered August 26, 2004, which issued an order of protection on behalf of the child.

Petitioner David W. Hassig (hereinafter the father) and respondent (hereinafter the mother) are the parents of one child. In November 2001, Family Court (Breen, J.) entered an order granting the mother sole legal and physical custody of the child

---

with visitation rights awarded to the father. In April 2002, the father and others filed a petition to modify custody. The mother cross-petitioned seeking a modification requiring supervision of the father's visitation. In December 2002, the father filed a petition alleging that the mother violated a prior custody order. The mother filed an application alleging that the father violated a prior order. After hearings that spanned more than a year, in August 2004 Family Court (Potter, J.) dismissed the father's petitions and granted the mother's cross petition for modification, suspending the father's visitation until there is a change in the father's relationship with the child. The court also granted the mother's violation petition and entered an order of protection requiring the father to stay away from the child, the mother and their home and prohibiting the father from communicating with them except in writing. Petitioners appeal from the custody modification order and the order of protection.

Initially, in the absence of any statutory disqualification or showing of personal bias, Family Court did not abuse its discretion in denying the father's recusal motion (*see People v Moreno*, 70 NY2d 403, 405 [1987]).

The father's main contention is that reversal is mandated because Family Court did not fully advise him of his right to counsel. We agree. In the different postures of these proceedings, the father was a parent seeking custody, a respondent in a Family Ct Act article 6 petition and a person alleged to be in willful violation of a court order. When a person in any of those categories first appears before the court, the court *must* advise that person of the right to be represented by counsel, to an adjournment to confer with counsel and to assignment of counsel by the court if indigent (*see* Family Ct Act § 262 [a] [iii], [v], [vi]; *Matter of Wilson v Bennett*, 282 AD2d 933, 934 [2001]). Here, the court did not advise the father of any of these rights when he first appeared on the custody petition or cross petition. Even when the father asked for an adjournment during the hearing so that he could confer with counsel and review records before proceeding further, the court denied his application without addressing his desire to confer with counsel. At the very least, the court should have addressed the issue of counsel when it was raised by the unrepresented father, especially since the court had not previously advised him of his rights with regard to counsel (*see Matter of Perez v Arebalo*, 13 AD3d 85, 87 [2004]). When the father first appeared on the violation petition, after he had been proceeding on the other petitions pro se, the court advised him of the right to counsel and assigned counsel, but not of the right to an adjournment to confer with

counsel. Thus, on each petition the court failed to fully and properly advise the father of his rights regarding representation.

Although a party may waive the right to counsel and opt for self-representation, a court may not allow a party to proceed pro se unless it first determines that the decision to do so is made knowingly, intelligently and voluntarily (*see Matter of David VV.*, 25 AD3d 882, 883-884 [2006]; *Matter of Brainard v Brainard*, 88 AD2d 996, 996 [1982]; *see also Matter of Lawrence S.*, 29 NY2d 206, 208 [1971]; *Matter of Gaudette v Gaudette*, 263 AD2d 620, 621 [1999]). The court should render such a determination after a colloquy with the party, but such a conclusion may be based on all of the potential relevant circumstances (*see Matter of Bombard v Bombard*, 254 AD2d 529, 530 [1998], *lv denied* 93 NY2d 804 [1999]). Family Court here did not engage in any inquiry with the father regarding his decision to proceed pro se (*contra Matter of Bauer v Bost*, 298 AD2d 648, 650 [2002]). While the father had been represented by counsel in prior custody matters, had fired them because he was unhappy with their services and had a somewhat sophisticated knowledge of court proceedings, the record does not indicate his financial status, whether he could afford counsel, whether he knew he may be entitled to assigned counsel on the custody petitions, whether he needed an adjournment to confer with counsel or whether he understood the perils of handling the matter himself (*compare Matter of Tavolacci v Garges*, 124 AD2d 734, 736-737 [1986]). In the 2001 matter, where the father chose to proceed without counsel and left the courtroom, resulting in a default, the Law Guardian stated that he had fully discussed with the father the risks of proceeding pro se and encouraged him to retain counsel. But even in that prior proceeding the court did not conduct any colloquy to confirm the Law Guardian's recitation or determine for itself that the father waived his right to counsel and decided to proceed pro se knowingly, intelligently and voluntarily (*see Matter of Lee v Stark*, 1 AD3d 815, 816 [2003]; *Matter of Wilson v Bennett, supra* at 935). His prior self-representation thus cannot be used to establish a knowing, intelligent and voluntary waiver of his right to counsel in the present matters. Based on the violations of the father's fundamental statutory rights regarding counsel, reversal is mandated even if the record lacks a showing of prejudice (*see Matter of Lee v Stark, supra* at 816; *Matter of Wilson v Bennett, supra* at 935; *see also Matter of David VV., supra* at 883-884). Accordingly, the father is entitled to new hearings, preceded by a proper advisement of his rights under Family Ct Act § 262.

Mercure, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered

that the orders are reversed, on the law, without costs, matter remitted to the Family Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision, and pending said proceedings, which should be held as soon as practicable, the orders entered August 26, 2004 shall remain in full force and effect.