In the Matter of RYAN ADAMS, Respondent, v ALECIA BRACCI, Appellant. [876 NYS2d 727]—

Kane, J. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered July 11, 2008, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

---

In January 2007, Family Court entered a consent order granting the parties joint legal custody of their daughter (born in 2004), with primary physical custody to respondent (hereinafter the mother) and visitation to petitioner (hereinafter the father). At the end of that year, the father filed the present application seeking primary physical custody due to the mother's refusal to contact him or permit him to visit their child. Following a hearing, at which the mother was not represented by counsel, the court awarded the father sole legal custody and primary physical placement, with visitation to the mother. The mother appeals.

Family Court appropriately required the mother to proceed pro se. The court informed the parties at their initial appearance of their rights to counsel, an adjournment to consult counsel, and possible assignment of counsel based upon their financial circumstances (*see* Family Ct Act § 262 [a] [v]). At a conference approximately two months later, the court again informed the parties of those rights, noted its awareness that the mother was attempting to find counsel, and advised that everyone should be prepared to go forward on a specific date set aside for trial. The last statement by the court on that date was, "If you're going to have attorneys, bring them."

On the hearing date a month later, the mother appeared without counsel. When she stated that she wanted counsel before proceeding, Family Court pointed out its previous admonitions, including having provided forms for assignment of counsel. The mother told the court that she did not file those forms, she was trying to locate counsel on her own and her lack of counsel was not due to financial reasons. In response to questions from the court, the mother explained that she had not personally talked to any attorneys, and could only give the first name of one person that her mother had called in search of counsel (*compare Matter of Stephen L.*, 2 AD3d 1229, 1231 [2003]). The court then determined that the mother had waived her right to counsel. Based upon all of the relevant circumstances, the court did not abuse its discretion in refusing to grant the mother an adjournment, finding that she was fully advised of her right to counsel and to have counsel present, yet she did nothing to avail herself of this right (*see Matter of Pacheco v Stearns*, 23 AD3d 711, 712 [2005]; *compare Matter of Hassig v Hassig*, 34 AD3d 1089, 1091 [2006]). Indeed, the mother did not retain counsel in the two weeks between the first and second day of the hearing, proceeding pro se throughout. Thus, we cannot say that she was deprived of her right to counsel.

On the merits, Family Court did not err in granting the father primary physical custody, but erred in awarding him sole legal custody. The mother concedes that the father demonstrated a change in circumstances. Accepting the court's credibility determinations (*see Matter of Goldsmith v Goldsmith*, 50 AD3d 1190, 1191 [2008]), the proof established that the mother refused to answer or return the father's phone calls to arrange visitation or to talk to the child, thereby severely limiting his contact with the child. When the child was in the mother's custody, the child spent extended periods of time in daycare or with her maternal grandmother. The child suffered from bottle rot, requiring extensive dental care at a young age, and engaged in sexualized behavior attributed to the mother. Considering the frustration of visitation, along with the parties' living situations, the court did not err in holding that a transfer of physical custody to the father was in the child's best interest (*cf. Matter of Anson v Anson*, 20 AD3d 603, 604 [2005], *lv denied* 5 NY3d 711 [2005]).

Because the father did not at any time request modification of the joint legal custody arrangement, and the mother thus had no notice that legal custody was at issue, Family Court should not have awarded the father sole legal custody (*see Matter of Williams v Taylor*, 234 AD2d 809, 810 [1996]; *see also Matter of Penninipede v Penninipede*, 6 AD3d 445, 446 [2004]). Thus, we reverse that portion of the order granting petitioner sole legal custody and reinstate joint legal custody.

Cardona, P.J., Rose, Kavanagh and Stein, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted petitioner sole legal custody; reinstate joint legal custody; and, as so modified, affirmed.