■ In the Matter of HOLLY J. et al., Respondents, v FREDERICK X., Appellant. (Proceeding No. 1.) In the Matter of FREDERICK W., a Neglected Child. SULLIVAN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FREDERICK X., Appellant. (Proceeding No. 2.) (And Another Related Proceeding.) [946 NYS2d 263]—

Lahtinen, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered November 12, 2010,

which, among other things, granted petitioners' application, in proceeding No. 1 pursuant to Family Court Act article 6, for custody of the subject child.

Respondent is the father of a child (born in 2004), who was removed from the parents' custody in Schenectady County in January 2009 pursuant to Family Court Act § 1024. At the father's suggestion, the child was placed with his cousin and cousin's wife, petitioners Alex J. and Holly J. (hereinafter petitioners), who resided in Oswego County. In August 2009, Family Court (Assini, J.), determined that the father had neglected the child and, at the permanency hearing, Family Court (Taub, J.H.O.) continued placement with petitioners as fit and willing relatives with a goal of reunification with the parents. The matter was transferred to Sullivan County in November 2009 because, at that time, the mother lived there* and the father was incarcerated in that county.

Petitioners commenced a proceeding in December 2009 seeking custody of the child pursuant to Family Ct Act article 6 and, that same month, another relative of the father, Frances Y., also brought an article 6 proceeding for custody of the child. The father, who was incarcerated and eventually sentenced to a very lengthy prison term, supported the application of Frances Y. and they appeared together with the same attorney advocating for Frances Y. to receive custody. In April 2010, Family Court (Meddaugh, J.) modified the permanency plan (see Family Ct Act art 10-A) from reunification to permanent placement with a fit and willing relative. By May 2010, Frances Y. had withdrawn her article 6 petition and a friend of the father, Phyllis K., commenced an article 6 proceeding seeking guardianship of the child, which the father supported. The same attorney continued representing the father and Phyllis K.

At the scheduled permanency hearing in September 2010, the parties agreed that Family Court could also consider the Family Ct Act article 6 proceedings (see Family Ct Act § 1089-a). Following the hearing, Family Court rendered a detailed written decision in November 2010 addressing the pertinent issues and, among other things, granting custody of the child to petitioners with the father receiving monthly visitation at the correctional facility where he is housed. The father appeals.

We affirm. The father contends that Family Ct Act § 262 was violated because Family Court did not advise him of his right to counsel when the proceedings were transferred to Sullivan

---

* The mother, who also was found to have neglected the child, later moved to Florida and chose not to participate in further proceedings regarding the child.

County. The failure to adhere to the requirements of Family Ct Act § 262 regarding counsel is reversible error (*see Matter of David VV.*, 25 AD3d 882, 883-884 [2006]; *Matter of Grayson v Fenton*, 8 AD3d 696 [2004]). The record reflects that, at the father's first appearance in Sullivan County, not only was an appointed counsel available for the father, but an attorney that had been retained by the father was also present. The retained counsel indicated that assigned counsel was not necessary and the court permitted the assigned counsel to leave. The father was thereafter represented by retained counsel at all subsequent proceedings. Under such circumstances, there was no violation of the right to counsel or Family Ct Act § 262.

The fact that retained counsel represented the father as well as the person that the father wanted to receive custody (Frances Y. and later Phyllis K.) did not deprive the father of the effective assistance of counsel. The father's interests were not adverse to those of the person that he was advocating to receive custody of the child (*see generally Matter of Tylena S. v Darin J.*, 4 AD3d 568, 571-572 [2004], *lv dismissed* 2 NY3d 759 [2004]). Moreover, contrary to the father's further contention, review of the record reveals that his retained counsel provided meaningful representation during the proceedings (*see Matter of Brenden O.*, 20 AD3d 722, 723 [2005]).

We find no merit in the father's argument that Family Court erred in considering the Family Ct Act article 6 petitions at the September 2010 permanency hearing and in failing to continue the permanency hearings. Such a procedure is authorized by Family Court Act § 1089-a. The record and Family Court's decision reveal that the court adhered to the procedures set forth in that statute.

Finally, we are unpersuaded by the assertion that petitioners should not have been awarded custody of the child. Extraordinary circumstances were presented by the father's lengthy prison sentence, with a reportedly earliest release date of 2026. The child was initially placed with petitioners at the father's request, the child has been with them since January 2009, and there was testimony establishing that the child was doing well with petitioners. "Giving deference to Family Court's ability to observe the witnesses and assess their credibility during the hearing" (*Matter of Johnpeer v Williams*, 74 AD3d 1584, 1585 [2010]), its determination is amply supported by the record.

Peters, P.J., Mercure, Rose and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.