Lahtinen, J.
Appeal from a modified order of the Family Court of St. Lawrence County (Morris, J.), entered May 17, 2012, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
The parties, unmarried parents of a daughter born in 2007, have been involved in extensive litigation in Family Court regarding the child. In March 2010, they stipulated to an order that modified a July 2009 order and provided for joint legal custody, with primary physical custody to petitioner (hereinafter the father), and respondent (hereinafter the mother) having parenting time each weekend as well as parts of certain holidays. In February 2011, the mother unilaterally refused to return the child to the father contending that the paternal grandfather had inappropriately touched the child. A series of proceedings *1052 ensued,[1] including, among others, both parties seeking modification of the March 2010 order. After lengthy proceedings including a five day fact-finding hearing, Family Court modified the March 2010 order by, among other things, granting the father sole legal custody and providing the mother with two hours of supervised parenting time two times per week.[2] The mother appeals.
“[A]n existing custody order may be modified upon a showing that there has been a change in circumstances reflecting a real need for change so as to insure the continued best interests of the child[ ]” (Matter of Virginia C. v Donald C., 114 AD3d 1032, 1033 [2014]). Considerations in determining best interests include, among others, maintaining stability for the child, the respective home environments, length of the current custody arrangement, each parent’s relative fitness and past parenting performance, and willingness to foster a healthy relationship with the other parent (see Matter of Clouse v Clouse, 110 AD3d 1181, 1183 [2013], lv denied 22 NY3d 858 [2014]). We accord deference to Family Court’s findings of credibility, and generally will not disturb the court’s determination regarding the child’s best interests if supported by a sound and substantial basis in the record (see Matter of Virginia C. v Donald C., 114 AD3d at 1033).
Here, there was proof that the mother coached the child to make false allegations and she attempted to alienate the child from the father. The mother had been involved in domestic violence with her boyfriend, whom she thereafter continued living with and then married. The incident allegedly involved threats with a rifle, and police found a loaded rifle in the home. The mother had tested positive for use of marihuana during the time that the hearing was pending, and had been in the car when her boyfriend was arrested with 10 pounds of marihuana. The father and his companion had been cooperative with employees of the local social services agency whereas the mother and her companion were uncooperative. There was evidence that the child was doing well in the primary care of the father. Family Court found the father to be a credible witness, and further determined that the mother’s testimony was often incon *1053 sistent and lacked credibility; indeed, the mother acknowledged giving inaccurate information to police.
In light of, among other things, the animosity and inability to cooperate exhibited by the parties, there was ample evidence of a change in circumstances. Moreover, there is a sound and substantial basis in the record that Family Court’s custody determination was in the best interests of the child and not, as asserted by the mother, the result of Family Court punishing her. The mother’s further contention that the attorney for the child failed to correctly inform Family Court of the child’s desires is unavailing. The attorney for the child indicated that the child did not want to take a position and, given the child’s young age (turning four years old during the proceedings), Family Court did not abuse its discretion by not conducting a Lincoln hearing (see Matter of Carolyn S. v Tompkins County Dept. of Social Servs., 80 AD3d 1087, 1091 [2011]; cf. Matter of Jessica B. v Robert B., 104 AD3d 1077, 1078 [2013]).
We consider next the mother’s argument that she was not sufficiently warned of the risks of proceeding without an attorney. “[A] party is entitled to self-representation once the court determines that the decision to do so is knowingly, intelligently and voluntarily made. Although it is preferable that the court’s determination be made following an appropriate colloquy with the party on the record, it may also be made upon an examination of all the potential relevant circumstances” (Matter of Bombard v Bombard, 254 AD2d 529, 529-530 [1998], lv denied 93 NY2d 804 [1999] [citations omitted]; see Matter of Adams v Bracci, 61 AD3d 1065, 1066 [2009], lv denied 12 NY3d 712 [2009]). Here, at the initial court appearance on April 8, 2011, the mother was represented by an attorney, whom she states was assigned. By the next court date, July 15, 2011, she had terminated the services of the assigned attorney and appeared with a substituted retained attorney. At the next appearance, the father told the court that he was switching attorneys and, at the ensuing appearance on August 10, 2011, the mother informed the court that she wanted to terminate the services of her retained attorney. Her attorney was present and, after confirming that the mother had discussed such action with the attorney, the court permitted the attorney to withdraw.
Noting the multiple adjournments and delays that had occurred by such time, many caused by the switching of attorneys by both parties, the mother was admonished to obtain substitute counsel before the next court date. Over a month later, on September 14, 2011, the mother appeared and stated that she had not been able to retain a new attorney and was involved in *1054 a dispute with her former retained attorney about fees. The court stated that it would grant yet another adjournment, but that a trial date would be set with no more adjournments permitted, and the court also reminded the mother that she could apply for assigned counsel.[3] The mother next appeared on November 30, 2011, stating that she was representing herself and that she was ready to proceed with the hearing. The mother had already appeared and prepared documents in many of the proceedings pertaining to the child without an attorney and, among other things, she had obtained subpoenas for several witnesses prior to the hearing. Under all the circumstances, we are satisfied that the record sufficiently reflects that the mother waived her statutory right to counsel knowingly, intelligently and voluntarily (see Matter of Tavianna CC. [Maceo CC.], 99 AD3d 1132, 1134-1135 [2012], lv denied 20 NY3d 856 [2013]; Matter of Loomis v Yu-Jen G., 81 AD3d 1083, 1084-1085 [2011]; Matter of Adams v Bracci, 61 AD3d at 1066; Matter of Pacheco v Stearns, 23 AD3d 711, 712 [2005]).[4]
Family Court did not abuse its discretion in drawing a negative inference from the mother’s failure to call her current husband, who had knowledge regarding conditions in their home and relevant conduct by him that had been portrayed in a negative light during the father’s case, and he was undisputedly available since he was present on some of the hearing days (see Matter of John HH. v Brandy GG., 52 AD3d 879, 880 [2008]). We have reviewed the mother’s remaining arguments and find no basis to set aside Family Court’s order modifying the prior custody order.
Peters, RJ., Garry and Rose, JJ., concur.
Ordered that the modified order is affirmed, without costs.

. Family Court noted in its decision that 18 petitions had been filed since the most recent dispute had developed in February 2011.

. The parties’ initial appearances were before a Judicial Hearing Officer, but the hearing eventually commenced before Judge Potter. However, during the hearing, which occurred between November 2011 and May 2012, Judge Potter retired and the parties did not object to Judge Morris listening to the recordings of the three prior days of testimony and then continuing the hearing.

. The relevant proceedings to this point had been held in front of the Judicial Hearing Officer. However, the mother objected at the September 14, 2011 appearance to the Judicial Hearing Officer continuing to hear the matter and, accordingly, the next appearance was before Judge Potter.

. We note that, unlike Matter of Hassig v Hassig (34 AD3d 1089 [2006]), a case upon which the mother relies, here the mother was represented by counsel when she first appeared in court (as well as at several ensuing appearances) and she was later allowed repeated adjournments to obtain new counsel, including an adjournment after she had been reminded of her right to assigned counsel if she could not afford counsel.