DiBella v DiBella (2018 NY Slip Op 03186)





DiBella v DiBella


2018 NY Slip Op 03186


Decided on May 3, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 3, 2018

524165

[*1]SARAH DiBELLA, Appellant,
v
JOSEPH DiBELLA, Defendant.

Calendar Date: March 29, 2018

Before: Garry, P.J., Egan Jr., Devine, Aarons and Rumsey, JJ.


McNamee Lochner PC, Albany (Bruce J. Wagner of counsel), for appellant.
Catherine Charuk, Kingston, attorney for the children.


Egan Jr., J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (McGinty, J.), entered January 26, 2016 in Ulster County, granting, among other things, sole legal custody of the parties' children to defendant, upon a decision of the court.
Plaintiff (hereinafter the mother) and defendant (hereinafter the father) were married in 2005 and are the parents of two children (born in 2006 and 2008). In July 2010, a consent order was entered awarding the parties joint legal custody and shared physical custody of the children. In December 2011, a subsequent consent order was entered, modifying the parties' parenting schedule, but otherwise maintaining the prior award of joint legal and shared physical custody of the children. In 2013, the mother commenced this divorce action. Between May 2013 and August 2014, the mother and the father each filed certain
family offense and violation petitions against one another in Family Court. In September 2014, Family Court transferred these family offense and violation petitions to Supreme Court. The parties thereafter stipulated to a divorce upon the ground of irretrievable breakdown (see Domestic Relations Law § 170 [7]); there being no other requests for ancillary relief, the only remaining issues for judicial resolution were with regard to custody, visitation and child support. Following a nonjury trial held over the course of eight nonconsecutive days from May 2014 to September 2015, Supreme Court entered a judgment of divorce which, among other things, awarded the father sole legal custody of the children [FN1]. The mother now appeals, contending that [*2]she was deprived of her statutory right to counsel when Supreme Court compelled her to proceed with the continuation of trial without the aid of counsel.[FN2]
Pursuant to Judiciary Law § 35 (8), when Supreme Court exercises "jurisdiction over a matter which the [F]amily [C]ourt might have exercised jurisdiction had such action or proceeding been commenced in [F]amily [C]ourt or referred thereto pursuant to law," Supreme Court is required to abide by the requirements set forth in Family Ct Act § 262 (see Carney v Carney, ___ AD3d ___, ___, 2018 NY Slip Op 02034, *3 [2018]; see also Elsayed v Edrees, 141 AD3d 503, 505 [2016], lv denied 28 NY3d 908 [2016]; compare Matter of Smiley, 36 NY2d 433, 439 [1975])[FN3]. In turn, Family Ct Act § 262 (a) provides, in relevant part, that a parent of any child seeking custody must be advised "before proceeding that he or she has the right to be represented by counsel of his or her own choosing, of the right to have an adjournment to confer with counsel, and of the right to have counsel assigned by the court in any case where he or she is financially unable to obtain the same" (see Family Ct Act § 262 [a] [v]; Matter of Grayson v Fenton, 8 AD3d 696, 696 [2004]; Matter of Lee v Stark, 1 AD3d 815, 815 [2003]; Matter of Wilson v Bennett, 282 AD2d 933, 934-935 [2001]). The deprivation of a party's statutory right to counsel "requires reversal, without regard to the merits of the unrepresented party's position" (Matter of Dolson v Mitts, 99 AD3d 1079, 1080 [2012] [internal quotation marks and citations omitted]; see Family Ct Act § 262 [a] [v]; Matter of Wilson v Bennett, 282 AD2d at 934).
Here, the mother was represented by counsel at the first four days of trial in May, June and July 2014. In October 2014, however, the mother appeared before Supreme Court and indicated that she was discharging her attorney and intended to hire replacement counsel to represent her for the remainder of the trial [FN4]. Upon inquiry, the mother represented to Supreme Court that she would need at least two or three months to make arrangements for hiring a new attorney because the normal retainer for an attorney was $3,000. Supreme Court thereafter cautioned the mother to procure new counsel "sooner rather than later" so that her replacement counsel would have time to obtain all necessary transcripts and familiarize himself or herself with the case. Supreme Court then adjourned the case and scheduled two additional trial dates on May 27, 2015 and June 3, 2015. On May 27, 2015, the mother appeared in court, explaining that, although she had retained new counsel, he was unable to attend that day and, therefore, she [*3]requested the court to "extend" or "hold off" proceeding with the continuation of the trial until June 3, 2015 [FN5]. Supreme Court denied the mother's request for an adjournment, indicating that no notice of appearance had been filed by the mother's replacement counsel and that it could not rely solely upon her statement that she may be represented by counsel going forward. Supreme Court then proceeded with the trial, informing the mother that, under the circumstances, she was going to have to proceed pro se.
There is nothing in the record to indicate that Supreme Court ever advised the mother of her rights pursuant to Family Ct Act § 262 (a). While we appreciate that the mother initially appeared with retained counsel and Supreme Court granted her a lengthy adjournment to obtain a new attorney, it was incumbent upon the court — particularly in light of the mother's expressed need for several months to obtain the necessary retainer fee — to advise her of the right to assigned counsel in the event that she could not afford same (see Family Ct Act § 262 [a] [v]; Matter of Grayson v Fenton, 8 AD3d at 696). In the absence of the requisite statutory advisement of her right to counsel (see Family Ct Act § 262 [a] [v]) or a valid waiver of such right (see Matter of Hassig v Hassig, 34 AD3d 1089, 1090-1091 [2006]), we find that the mother was deprived of her fundamental right to counsel (see Family Ct Act §§ 261, 262 [a] [v]; Judiciary Law § 35 [8]; Matter of Grayson v Fenton, 8 AD3d at 696; Matter of Lee v Stark, 1 AD3d at 815-816; see also Matter of Charbonneau v Charbonneau, 151 AD3d 1060, 1061 [2017]; Matter of Savoca v Bellofatto, 104 AD3d 695, 696-697 [2013]; Matter of David VV., 25 AD3d 882, 883 [2006])[FN6]. Accordingly, under the circumstances, we remit this matter to Supreme Court for a new trial on the issues of custody, visitation and child support (see Matter of Grayson v Fenton, 8 AD3d at 696; Matter of Lee v Stark, 1 AD3d at 816; compare Matter of Adams v Bracci, 61 AD3d 1065, 1066 [2009], lv denied 12 NY3d 712 [2009]). In light of our holding, the mother's remaining contentions have been rendered academic.
Garry, P.J., Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as determined custody, visitation and child support; matter remitted to the Supreme Court for a new trial on said issues, and, pending said trial, the terms of said judgment shall remain in effect on a temporary basis; and, as so modified, affirmed.



Footnotes

Footnote 1: Supreme Court dismissed the parties' family offense and violation petitions as part of its judgment of divorce.

Footnote 2: The father failed to file a brief on this appeal.

Footnote 3: In enacting Judiciary Law § 35 (8), the Legislature made plain that the purpose of this legislation was to resolve an inconsistency whereby indigent litigants involved in custody disputes in Family Court were provided a statutory right to counsel but similarly situated litigants in Supreme Court remained ineligible for the assignment of counsel (see Senate Introducer's Mem in Support, Bill Jacket, L 2006, ch 538, § 1; see also Family Ct Act §§ 261, 262 [a] [v]). The legislative history expressly provides that, with respect to custody disputes, "[t]here is no justification for providing indigent persons an attorney in [F]amily [C]ourt and not in [S]upreme [C]ourt" (Senate Introducer's Mem in Support, Bill Jacket, L 2006, ch 538, § 1).

Footnote 4: The circumstances as to why the mother's initial attorney was discharged are not evident from the record before us.

Footnote 5: The mother indicated that she was not aware that her new counsel had not filed any paperwork on her behalf and that she had appeared that day under the belief that he had contacted Supreme Court the day before seeking to obtain an adjournment of the proceedings.

Footnote 6: While the mother was not required to establish that she was prejudiced due to being deprived of her fundamental right to counsel, the record reveals that she was, in fact, prejudiced. Upon being compelled to proceed pro se, the mother had difficultly, among other things, asking appropriate questions during cross-examination, she was unable to successfully admit into evidence any of her exhibits over the father's objections and she was unable to timely and properly call certain witnesses to testify on her behalf.