Matter of Christopher Y. v Sheila Z. (2019 NY Slip Op 04799)





Matter of Christopher Y. v Sheila Z.


2019 NY Slip Op 04799


Decided on June 13, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 13, 2019

526608

[*1]In the Matter of CHRISTOPHER Y., Appellant-Respondent,
v
SHEILA Z., Respondent- Appellant. (And Two Other Related Proceedings.)

Calendar Date: April 24, 2019

Before: Lynch, J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Sandra M. Colatosti, Albany, for appellant-respondent.
Christopher Hammond, Cooperstown, for respondent-appellant.
Susan B. McNeil, Brooktondale, attorney for the child.



MEMORANDUM AND ORDER
Devine, J.
Cross appeals from an order of the Family Court of Tompkins County (Cassidy, J.), entered March 27, 2018, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of a child (born in 2014). Upon the parties' stipulation, Family Court issued an order in 2015 that awarded the mother sole legal and physical custody of the child and the father any parenting time agreed to between the parties. In 2016, the father petitioned to modify the 2015 order to provide for a joint custodial arrangement and separately petitioned to enforce its parenting time provisions. The mother cross-petitioned for modification, requesting a direction that the father's parenting time be supervised. Extensive further proceedings ensued and culminated in a prolonged hearing at which the father represented himself. Family Court thereafter issued an order — entered in March 2018 — that, as relevant here, modified the custodial arrangement to grant the mother sole legal and physical custody and the father unsupervised parenting time on a set schedule. Family Court further directed that, although the mother had ultimate authority to decide major issues regarding the child's health and education, she was obliged to consult with the father about them. The father appeals, and the mother cross-appeals, from that order.
Initially, the parties petitioned for modification of the appealed-from order, and we take judicial notice that Family Court issued an order in April 2019 that modified the custodial arrangement to, among other things, restrict the father to supervised visitation, limit the subjects that he could discuss with the mother and revoke his access to the child's educational and medical providers and records. These modifications render moot the arguments raised by the mother in [*2]her cross appeal, which is accordingly dismissed (see Matter of Cameron ZZ. v Ashton B., 148 AD3d 1234, 1234 [2017]). Inasmuch as the April 2019 order did not supersede the appealed-from order and continued its award of sole custody to the mother, we find that the father's appeal is not moot to the extent that it addresses that award and the procedure that led to it (see Matter of Blagg v Downey, 132 AD3d 1078, 1079 [2015]).
The father first argues that he was deprived of his right to counsel during the fact-finding hearing. "[A] party is entitled to self-representation once the court determines that the decision to do so is knowingly, intelligently and voluntarily made" and, although that determination is usually made following a colloquy, "it may also be made upon an examination of all the potential relevant circumstances" (Matter of Bombard v Bombard, 254 AD2d 529, 529-530 [1998], lv denied 93 NY2d 804 [1999]; see Matter of Joshua UU. v Martha VV., 118 AD3d 1051, 1053 [2014]). The father had a string of attorneys assigned to represent him in the year before he was permitted to proceed pro se, all of whom were relieved at his or their request. In addressing the father's complaints about the last of those attorneys, Family Court warned the father that he was not entitled to an endless string of assigned attorneys, that his conduct toward his own and other involved attorneys was counterproductive and that he should reflect on why "every single attorney" found it "impossible" to work with him [FN1]. Family Court further advised the father that assigned counsel would only be removed if the attorney-client relationship had broken down and that, if the father exercised his right to represent himself, his case would suffer for it. Several weeks later, the father demanded to represent himself and assigned counsel made clear that the attorney-client relationship had broken down. Family Court reminded the father that the matter was complicated and that his case would be harmed by his ignorance of the rules of evidence and legal norms. The father confirmed that he understood those concerns and still wished to proceed pro se. Under these circumstances, we are satisfied that "Family Court apprised the father of the perils and pitfalls of proceeding pro se" and that he "knowingly, intelligently and voluntarily waived his right to counsel" (Matter of Lillian SS. [Brian SS.], 146 AD3d 1088, 1094 [2017], lvs denied 29 NY3d 919, 992 [2017]; see Martinez v Gomez-Munoz, 154 AD3d 1085, 1086 [2017]).
Next, Family Court found, and properly so, that the total collapse in the parties' ability to communicate with each other after the entry of the 2015 order constituted a change in circumstances warranting an inquiry into what custodial arrangement would be in the best interests of the child (see Matter of Kvasny v Sherrick, 155 AD3d 1366, 1366-1367 [2017]; Matter of Madelyn Z. v Daniel AA., 154 AD3d 1092, 1093 [2017]). To discern those interests, a court must consider factors that include "the child's need for stability, the parents' respective home environments, the length of the existing custody arrangement, past parenting performances and each parent's relative fitness, willingness to foster a positive relationship with the other parent and ability to provide for the child's intellectual and emotional development" (Matter of Angela N. v Guy O., 144 AD3d 1343, 1345 [2016]; see Matter of Brent O. v Lisa P., 161 AD3d 1242, 1243 [2018]).
The hearing evidence reflected that the mother has primarily cared for the child since birth, although the father has been an involved parent. The parents themselves have a toxic relationship — reflected in, among other things, abusive treatment of the mother by the father that Family Court found had occurred and mutual suspicions of abusive conduct toward the child that Family Court found were baseless — but both love the child and maintain appropriate homes for her. The major concern is the father's unresolved mental health issues, as he has an eventful psychiatric history and the record is replete with instances of his outbursts of anger, volatile demeanor and bizarre conduct that ranged from disquieting to threatening. Family Court observed that this conduct appeared to worsen when the father was stressed or when people did [*3]not agree with him, and the mother, a social services caseworker, individuals assisting with custodial exchanges, attorneys and court employees have all found themselves on the receiving end of it. As Family Court found, unless the father obtains parenting education and mental health counseling, the child will certainly be exposed to his behavior and might well be a target of it once she grows old enough to defy him. Family Court ordered that he participate in that education and counseling. The mother is by no means a perfect parent, and Family Court appropriately directed her to attend co-parenting education as well, given her reluctance to involve the father in decisions involving his parenting time. Nevertheless, according deference to Family Court's assessments of credibility, we find a sound and substantial basis in the record for its award of sole legal and physical custody to the mother (see Matter of Adam E. v Heather F., 151 AD3d 1212, 1215 [2017]; Matter of Tracey L. v Corey M., 151 AD3d 1209, 1211 [2017]; see also Matter of Christine TT. v Gary VV., 143 AD3d 1085, 1085-1086 [2016]).
The remaining contentions of the father in his pro se supplemental brief, to the extent that they are properly before us and relevant to the determination at issue, have been considered and rejected.
Lynch, J.P., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.
ORDERED that the cross appeal is dismissed, as moot, without costs.



Footnotes

Footnote 1: The father's decision to represent himself was ill-advised but, to the extent that he raises the issue on appeal, "the record does not reflect that he was incapable of understanding the proceedings" so as to preclude him from making it (Matter of Julie G. v Yu-Jen G., 81 AD3d 1079, 1081 [2011]).