Matter of Barcene v Parrilla (2019 NY Slip Op 07575)





Matter of Barcene v Parrilla


2019 NY Slip Op 07575


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-13271
 (Docket Nos. V-18172-18, V-18173-18)

[*1]In the Matter of Elizabeth Barcene, appellant,
v
Ramona Parrilla, et al., respondents.


Daniel E. Lubetsky, Jamaica, NY, for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Scott Shorr and Diana Lawless of counsel), for respondent Administration for Children's Services.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Joan L. Piccirillo, J.), dated September 27, 2018. The order, without a hearing, dismissed the mother's petition for custody of the subject children.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for a hearing on the mother's custody petition and a new determination thereafter of the petition.
In 2015, the Administration for Children's Services (hereinafter ACS) filed petitions alleging that the mother neglected the subject children. Prior to the filing of the petitions, the children had been removed from the mother's custody and placed with ACS. After a fact-finding hearing, the Family Court found that the mother neglected the children. Thereafter, the court issued an order of disposition dated June 9, 2017, which, inter alia, placed the children in the custody of the Commissioner of Social Services of Queens County until the completion of the next permanency hearing.
In September 2018, the mother filed a petition pursuant to Family Court Act article 6 for custody of the children. In the order appealed from, dated September 27, 2018, the Family Court dismissed the petition without a hearing.
Subsequently, the Family Court issued a permanency hearing order dated November 13, 2018, which indicated that the children had been removed from the home of the maternal grandmother based upon allegations of sexual abuse against the grandmother's paramour. The order stated that the children were currently in the care of the maternal grandmother's sister, and directed the continued placement of the children in the custody of the Commissioner of Social Services. Although the order stated that the permanency goal for the children was "referral for legal guardianship," it did not set forth the proposed guardian. The mother has not appealed from the November 13, 2018, permanency hearing order.
The appeal from the order dated September 27, 2018, has not been rendered academic by the permanency hearing order dated November 13, 2018, which apparently changed the permanency goal from working toward legal guardianship by the maternal grandmother to guardianship by a different relative. The order appealed from denied the mother's petition for custody, and the issue of whether that order was proper will continue to affect the mother's rights (cf. Matter of Victoria B. [Jonathan M.], 164 AD3d 578, 580).
Custody determinations should "[g]enerally be made only after a full and plenary hearing and inquiry" (S.L. v J.R., 27 NY3d 558, 563 [internal quotation marks omitted]; see Matter of Fernandez v Saunders, 174 AD3d 531, 532; Matter of Guy v Weichel, 173 AD3d 1028, 1030). Here, the record does not reveal the existence of circumstances that would bring this case within the narrow exception to the general right to a hearing (see S. L. v J. R., 27 NY3d at 563-564; Matter of Guy v Weichel, 173 AD3d at 1030).
However, the petition for custody may be heard jointly with any permanency hearing held pursuant to Family Court Act article 10-A (see Family Ct Act § 1089-a[a]; Matter of Holly J. v Frederick X., 95 AD3d 1595, 1596).
Accordingly, we reverse the order dated September 27, 2018, reinstate the petition, and remit the matter to the Family Court, Queens County, for a hearing on the mother's custody petition and a new determination of the petition thereafter.
SCHEINKMAN, P.J., BALKIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court